HIGHLAND COTTON MILLS v. RAGAN KNITTING COMPANY; RAGAN KNITTING COMPANY v. J. H. ADAMS; AND KERNERSVILLE KNITTING COMPANY v. RAGAN KNITTING COMPANY.

(Filed 10 June, 1927.)

1. Corporations—Officers—Contracts—Fraud—Voidable Contracts.

A contract, made and entered into between two corporations by the president of both, who is a director and stockholder in each, is not void but voidable, depending upon whether the contract was made in good faith and for a sufficient consideration, and one of these corporations who seeks to have it set aside upon the grounds that the other had received an unfair advantage, has the burden of proof.

**2. Same—Shareholders—Ratification.**

Where a corporation has entered into a contract with another corporation, through one who is the president, a director and stockholder in both, and in its action it is established that the other has received an undue advantage, it may not recover damages when it is made to appear that by its conduct, or otherwise, its own stockholders had ratified and approved the contract after knowing its terms and receiving the benefits.

**3. Same—Partial Performance of Contract—Damages.**

Where two manufacturing corporations have entered into the performance of a contract for the exchange of certain machines, and the exchange is partly made, but as to some of the machines it cannot be carried out for the fact that they had been sold to others, the action, to that extent, sounds in damages.

**4. Costs—Actions—Suits—Equity—Statutes.**

An action upon contract sounding in damages is one at law, and the costs are taxable against the losing party, C. S., 1225, and the principle involved in certain proceedings in equity, where this matter lies within the discretion of the trial judge, C. S., 1243, is not applicable.

APPEALS of Highland Cotton Mills, J. H. Adams, and Kernersville Knitting Company from judgment of Superior Court of GUILFORD County, signed by *Webb, J.,* on 20 January, 1927, in the above-entitled actions, which were consolidated for trial and judgment, by consent.

Reversed on appeal of Kernersville Knitting Company; modified and affirmed on appeals of Highland Cotton Mills and J. H. Adams.

Three actions entitled as above, pending in the Superior Court of Guilford County were, by consent of all parties, consolidated and referred for trial. The report of the referee, setting out his findings of fact and conclusions of law, with exceptions thereto duly filed, came on for hearing before his Honor, James L. Webb, judge presiding, in the Superior Court of Guilford County. All the findings of fact were affirmed; all the conclusions of law, except the third, with respect to the date from which Ragan Knitting Mills was entitled to recover interest on its judgment against Kernersville Knitting Company, were approved. The third conclusion of law, as modified by the court, was approved.

From judgment upon the report of the referee, as modified by the court, Highland Cotton Mills, J. H. Adams, and Kernersville Knitting Company appealed to the Supreme Court.

*Roberson & Haworth, Peacock, Dalton & Lyon, and Brooks, Parker, Smith & Hayes for Highland Cotton Mills, for J. H. Adams and Kernersville Knitting Company, appellants.*

*D. H. Parsons, King, Sapp & King, John N. Wilson and Frazier & Frazier for Ragan Knitting Company, appellee.*

6—194

CONNOR, J.   The action entitled "Highland Cotton Mills v. Ragan Knitting Company" was commenced on 5 May, 1923, to recover of Ragan Knitting Company, defendant therein, the sum of $5,259.31, with interest thereon from 14 May, 1921, the balance alleged to be due on an account for hosiery yarns sold and delivered by plaintiff to defendant, pursuant to a contract evidenced by writing dated 16 April, 1920.

Defendant, in its answer, admitted the contract and the delivery by plaintiff and the acceptance by defendant of the yarns pursuant to said contract, as alleged in the complaint; it further admitted that after crediting the account for said yarns with sums paid thereon by defendant, there was a balance of $5,259.31, as alleged by plaintiff.

In defense of plaintiff's recovery in this action, defendant alleged that J. H. Adams, president of Ragan Knitting Company, and also at the time president of Highland Cotton Mills, taking advantage of his position as president of the former company, had wrongfully and fraudulently caused defendant to enter into a contract with the latter company for the purchase of a quantity of yarns from plaintiff, largely in excess of the reasonable requirements of defendant, and at prices greatly in excess of fair and reasonable prices for said yarns, the said Adams acting therein in the interest not of defendant, but of plaintiff, Highland Cotton Mills; that as the result of such wrongful and fraudulent conduct on the part of said J. H. Adams, defendant, Ragan Knitting Company, had sustained loss and damage in an amount much greater than the sum which plaintiff seeks to recover of defendant in this action.   Defendant prays judgment that plaintiff take nothing by its action, and that it recover of plaintiff its costs.

Upon his findings of fact, pertinent to the defense relied upon by the defendant, the referee makes his first conclusion of law in words as follows:

"That the contract for the purchase of yarns sued on by the Highland Cotton Mills in its action against the Ragan Knitting Company was and is a legal contract and binding on the Ragan Knitting Company and the settlement between the Highland Cotton Mills, Inc., and the Ragan Knitting Company is legal and binding, and that the Ragan Knitting Company is indebted to the Highland Cotton Mills, Inc., in the sum of $5,259.31 on account thereof, together with interest from 14 March, 1921."

Pursuant to said conclusions of law, judgment was rendered "that the Highland Cotton Mills, Inc., have and recover of the Ragan Knitting Company the sum of $5,259.31, together with the interest from 14 March, 1921, this being the amount found by the referee as due from the Ragan Knitting Company to the Highland Cotton Mills, Inc."

The action entitled "Ragan Knitting Company v. J. H. Adams" was commenced on 7 February, 1924, to recover of defendant, J. H. Adams, large sums of money as damages for losses sustained by plaintiff, Ragan Knitting Company, resulting from the wrongful, negligent and fraudulent conduct of the said J. H. Adams, in the performance of his duties as president of plaintiff company.

Plaintiff alleged that said J. H. Adams, taking advantage of his position as president of plaintiff company, wrongfully, negligently and fraudulently caused the said company to enter into contracts and agreements with other corporations, of which said Adams was at the time also president, and in which he had large financial interests as a stockholder; that these contracts and agreements were unfair and hurtful to plaintiff, and in the interest of and advantageous to the corporations in whose behalf the said Adams, as president of plaintiff company, wrongfully, negligently and fraudulently procured them to be made, and that by reason of the wrongful, negligent and fraudulent conduct of the said Adams, as set out in the complaint, plaintiff has suffered losses in large sums, for which plaintiff is entitled to recover of defendant, J. H. Adams, damages as demanded in the complaint. Defendant, J. H. Adams, in his answer, denied all the material allegations of the complaint.

Upon his findings of fact, pertinent to plaintiff's cause of action against defendant, J. H. Adams, the referee makes his second conclusion of law in words as follows:

"That the said J. H. Adams, having acted in good faith and without fraud or negligence in all of the transactions with said Ragan Knitting Company, and all losses of the Ragan Knitting Company, so far as the said J. H. Adams was concerned, being remote and speculative and attributable to causes other than his dealings with the said Ragan Knitting Company, and there being no time limit fixed to his agreement to either buy raw material or sell the product of said Ragan Knitting Company, and said agreement being terminable at will, the said J. H. Adams is not indebted to the Ragan Knitting Company in any sum whatever."

The foregoing conclusion of law was approved by the court, and judgment rendered accordingly.

The action entitled "Kernersville Knitting Company v. Ragan Knitting Company" was commenced on 1 March, 1924, to recover of defendant, Ragan Knitting Company, the sum of $679.49, the balance due to plaintiff on an exchange of knitting machines, between plaintiff and defendant, made on or about 8 April, 1921.

Defendant, in its answer to the complaint, admitted that it had received, on or about 8 April, 1921, from plaintiff, knitting machines,

valued by plaintiff at $11,963.02, and had delivered to plaintiff knitting machines, also valued by plaintiff at $11,283.53, and that the difference between these valuations is $679.49; it denied, however, that there had been a valid contract between plaintiff and defendant for the exchange of these machines at said valuations; defendant, upon the allegations of its answer, set up a counterclaim in its behalf against plaintiff, and demanded judgment that it recover of plaintiff, upon such counterclaim, the sum of $128,084.56, with costs. Defendant prayed that this action and the action entitled "Ragan Knitting Company v. J. H. Adams," then pending in the Superior Court of Guilford County, be consolidated and that the actions be tried together. These actions, together with the action entitled "Highland Cotton Mills v. Ragan Knitting Company" were, by consent of all parties, consolidated and referred to a referee for trial. At the trial before the referee the answer of J. H. Adams, in the action in which Ragan Knitting Company was plaintiff and J. H. Adams was defendant, was treated as the reply of plaintiff, Kernersville Knitting Company, to the counterclaim.

Upon his findings of fact, relative to the cause of action of the Kernersville Knitting Company against Ragan Knitting Company, and to the counterclaim of the latter company against the former, the referee makes his third conclusion of law in words as follows:

"That the exchange of machinery between the Ragan Knitting Company and Kernersville Knitting Company, not being fair towards the Ragan Knitting Company, and said exchange being to the advantage of the Kernersville Knitting Company at the expense of the Ragan Knitting Company, and no contract being consummated with reference thereto, and the Ragan Knitting Company having sold a portion of its machines, and having rebuilt others of the machines received in said trade, which have been changed and used by it, the said Ragan Knitting Company is entitled to recover of the Kernersville Knitting Company the difference in the reasonable market value of the machines so exchanged at the time of the said trade, to wit, the sum of $8,867.28, with interest from 1 April, 1921."

Pursuant to said conclusion of law, as modified by the court with respect to the date from which interest shall be recovered, judgment was rendered "that the Ragan Knitting Company have and recover of the Kernersville Knitting Company the sum of $8,867.28, with interest from the date of the judgment."

It was further ordered by the court "that the costs of this action be taxed by the clerk of the Superior Court of Guilford County as follows: One-fourth of said costs to be taxed against Ragan Knitting Company; one-fourth against Highland Cotton Mills; one-fourth against Kerners-

ville Knitting Company, and one-fourth against J. H. Adams. This in the discretion of the court."

There are no assignments of error upon either of the appeals to this Court based upon exceptions to the judgment of the Superior Court in so far as the findings of facts made by the referee are affirmed therein.

The appellant, Kernersville Knitting Mills, excepted to that portion of the judgment which is in the following words:

"It is, therefore, ordered by the court that the Ragan Knitting Company have and recover of the Kernersville Knitting Company the sum of $8,867.28, this being the difference found by the referee between the reasonable market value of the machines exchanged by the Ragan Knitting Company and the Kernersville Knitting Company at the date of the exchange." Appellant's first assignment of error is based upon this exception. The portion of the judgment excepted to is in accordance with the referee's third conclusion of law, as approved by the court.

The referee bases his third conclusion of law upon his findings of fact that the exchange of machines was "not fair towards the Ragan Knitting Company; that said exchange was to the advantage of the Kernersville Knitting Company at the expense of the Ragan Knitting Company." Upon these findings he concludes that there was no contract between said companies relative to said exchange, the exchange having been made without any valid contract therefor, and it now being impracticable for either company to return the machines which it received from the other, the referee concludes that the Ragan Knitting Company is entitled to recover of the Kernersville Knitting Company the difference in the market value of said machines at the date of the exchange, to wit, the sum of $8,867.28.

The validity of the contract between said companies, as alleged by the Kernersville Knitting Company, in accordance with which the exchange of said machines was made, is called in question by the Ragan Knitting Company upon its allegation: first, that the execution of said contract by it was procured by the wrongful, negligent and fraudulent conduct of its president, J. H. Adams, acting therein in the interest of the Kernersville Knitting Company, of which he was also at the time president; and, second, that the contract and exchange made in accordance with its terms was unfair, and to the advantage of the Kernersville Knitting Company and at the expense of the Ragan Knitting Company by reason of the valuation of the machines of the respective companies, made for the purpose of the exchange. These are the only grounds upon which the Ragan Knitting Company challenges the validity of the contract, or of the exchange made by said companies in accordance with its terms.

With respect to J. H. Adams, in relation to said contract and exchange, both as president and as a stockholder in said companies, the referee found facts as follows:

"84. That the exchange of machinery between the Ragan Knitting Company and the Kernersville Knitting Company, so far as the said J. H. Adams was concerned in the same, was in good faith, without fraud or negligence, and in the exercise of his best judgment."

"98. That the said Adams personally and individually made no profit out of the machinery trade as aforesaid, and the same was made by him in good faith, and in the exercise of what he thought at the time to be wise and for the best interest of both companies involved; that there was only a slight difference in his holdings of stock in the Ragan Knitting Company and in the Kernersville Knitting Company in value at the time of said exchange."

"99. That there is no competent evidence of any losses on account of any of the dealings of the said Adams with the said Ragan Knitting Company with regard to the said machinery exchange, or otherwise, but said losses were due to causes over which he, the said Adams, had no control, and such losses, if any, are speculative and remote."

With respect to the machines which were exchanged by said two companies, the referee found facts as follows:

"77. That the transfer machines received by the Ragan Knitting Company from the Kernersville Knitting Company, in the exchange of machinery aforesaid, were standard machines in general use in the manufacture of hosiery; that the K. G. machines received by the Kernersville Knitting Company from Ragan Knitting Company were also standard machines in general use in the manufacture of hosiery."

"82. That the said transfer machines received by Ragan Knitting Company from Kernersville Knitting Company made an unusual amount of seconds, but that this condition to a large extent was caused by a failure on the part of the machinist at the Ragan Knitting Company to properly adjust what is known as the 'sinker cam,' said adjustment being such as could have been easily made by an experienced machinist with little or no expense, and also to some extent to untrained labor."

"86. That it was difficult to obtain trained help for these transfer machines, and there was trouble in getting them adjusted, so as to eliminate seconds and waste."

"87. That when operated properly the said transfer machines were capable of doing good work; that the making of seconds depends upon the yarn used, the operator and the superintendent of the machinery, as well as the machine itself, and at times these transfer machines were not properly adjusted."

"97. That said exchange of machinery was brought about by the said J. H. Adams in good faith, and without fraud or negligence on his part as aforesaid, but unintentionally on his part the purported agreement for the exchange of machinery was, so far as the price was concerned, unfair to the Ragan Knitting Company, and it is found as a fact that the Kernersville Knitting Company profited in said trade at the expense of the Ragan Knitting Company."

With respect to the valuation of the machines for the purpose of the exchange by said companies, the referee found that the superintendent of Ragan Knitting Company, and a representative of Kernersville Knitting Company agreed upon said values prior to the exchange, and that J. H. Adams, as president of the Kernersville Knitting Company, on 8 April, 1921, addressed a letter to the Ragan Knitting Mill, setting out in detail the machines selected by them for the exchange, and the values placed thereon by them for the purpose of such exchange. This letter was received by the Ragan Knitting Company soon after its date, and placed by it in its files, where it remained until the trial before the referee. The exchange was made in accordance with the terms set out in the letter of J. H. Adams, dated 8 April, 1921. No objection to said terms was made by the Ragan Knitting Company, its officers, directors or stock holders, until after the commencement of the action by Kernersville Knitting Company against Ragan Knitting Company on 1 March, 1924.

In *Hospital v. Nicholson,* 189 N. C., 44, it is said by this Court, in the opinion written by *Adams, J.:* "When an officer or director of a corporation purchases or leases its property, the transaction is voidable, not void, and will be sustained only when openly and fairly made, for an adequate consideration. The presumption is against the validity of such contract, and when it is attacked, the purchaser or lessee must show that it is fair and free from oppression, imposition and actual or constructive fraud. Firmly established in our jurisprudence is the doctrine that a person occupying a place of trust should not put himself in a position in which self-interest conflicts with any duty he owes to those for whom he acts; and as a general rule he will not be permitted to make a profit by purchasing or leasing property of those toward whom he occupies a fiduciary relation without affirmatively showing full disclosure and fair dealing. Upon this principle it is held that a director who exercises a controlling influence over codirectors cannot defend a purchase by him of corporate property on the ground that his action was approved by them." This statement of the law, and its application to a sale of corporate property to an officer or director is approved in *Manufacturing Co. v. Bell,* 193 N. C., 367. It is there held that such sale is not void; it is voidable, however, when it is found

as a fact that the sale was not properly authorized by the corporation, or that it was not made in good faith for a fair consideration, or that it was not free from the taint of imposition, undue advantage or fraud.

The foregoing principle, and its application is not restricted to a sale or conveyance of corporate property to its officer or director personally; it may be invoked to set aside a sale or conveyance made to a corporation in which its officer or director is interested as a stockholder.

In *Geddes v. Anaconda Copper Mining Co.,* 254 U. S., 590, 65 L. Ed., 425, it is said: "The relation of directors to corporations is of such a fiduciary character that transactions between boards having common members are regarded as jealously by the law as are personal dealings between a director and his corporation; and where the fairness of such transactions is challenged, the burden is upon those who would maintain them to show their entire fairness; and when a sale is involved, the full adequacy of the consideration. Especially is this true, where a common director is dominating in influence or character. This Court has been insistently emphatic in the application of this rule, which it has declared is founded in soundest morality, and, we now add, in the soundest business policy."

However, in *Corsicanan National Bank v. Johnson,* 251 U. S., 68, 64 L. Ed., 141, it is said: "That two corporations have a majority, or even the whole membership of their boards of directors in common does not necessarily render transactions between them void; but transactions resulting from the agency of officers or directors acting at the same time for both must be deemed presumptively fraudulent unless expressly authorized or ratified by the stockholders; and certainly where the circumstances show, as by the undisputed evidence they tended to show in this case, that the transaction would be of great advantage to one corporation at the expense of the other, especially where, in addition to this, the personal interests of the directors or any of them would be enhanced at the expense of the stockholders, the transaction is voidable by the stockholders within a reasonable time after discovery of the fraud."

The fact that J. H. Adams, at the time of the contract and of the exchange made pursuant thereto, was the president of both Ragan Knitting Company and Kernersville Knitting Company, does not, of itself, invalidate either the contract or the exchange. *Leathers v. Janney,* 41 La. Anno., 1120, 6 So. 884, 6 L. R. A., 661; 14a C. J., 125, and cases cited in notes. Neither the contract nor the exchange was void; they were at most voidable. Upon the facts found by the referee and affirmed by the court, with respect to the conduct of J. H. Adams in relation to the contract and exchange, neither can be declared void

upon the first allegation of Ragan Knitting Company, upon which it attacks the validity of the contract and exchange.

The fact as found by the referee, and affirmed by the court, to wit, that the contract and exchange was unfair to the Ragan Knitting Company, by reason of the valuation of the machines exchanged, sustains the second allegation upon which the Ragan Knitting Company attacks the validity of said contract and exchange. The referee, however, found further facts from which it appears that Ragan Knitting Company, its officers (other than J. H. Adams), its directors, and its stockholders, with full knowledge of all the terms of said contract and exchange, acquiesced in and ratified both the contract and the exchange.

The referee found the following facts, which were affirmed by the court:

1. After the contract had been entered into by Ragan Knitting Company and the Kernersville Knitting Company for the exchange of certain machines, in accordance with the terms set out in the letter addressed to Ragan Knitting Company by J. H. Adams, as president of Kernersville Knitting Company, dated 8 April, 1921, the Ragan Knitting Company, with its own trucks, transported its machines to the mill of the Kernersville Knitting Company at Kernersville, N. C.; and in return for same transported the machines of the Kernersville Knitting Company to its own mill at Thomasville, N. C.

2. The Ragan Knitting Company installed in its mill at Thomasville the machines which it received from the Kernersville Knitting Company; it rebuilt some of said machines and sold some of them to another corporation; and it continued to use the machines which it retained for nearly three years, without complaint or notice to the Kernersville Knitting Company that it, its directors or stockholders were dissatisfied with said exchange.

3. At the time of the exchange in April, 1921, the Ragan Knitting Company failed to deliver to Kernersville Knitting Company four machines which it should have delivered to said company; more than eighteen months thereafter, and after J. H. Adams had ceased to be president of said Ragan Knitting Company, the said four machines were, by the order of its general manager, delivered to the Kernersville Knitting Company, in accordance with the terms of the exchange as set out in the letter of J. H. Adams, dated 8 April, 1921.

Upon these and other pertinent facts found by the referee and affirmed by the court, we must hold that the exchange made in April, 1921, by said companies, even if same was unfair with respect to the valuation of said machines, was ratified by the Ragan Knitting Company, its officers, directors and stockholders.

In *San Diego O. T. & P. B. R. Co. v. Pac. Beach Co.,* 112 Cal., 53, 44 Pac., 333, 33 L. R. A., 788, it is said: "Ratification of a contract between corporations having common directors is shown where one company has entirely performed its part of the contract, and the other has performed a part of it, and cannot restore anything or place the other party, in whole or in part, in *statu quo,* especially when the stockholders have expressly approved the contract."

There was error in approving the referee's third conclusion of law; the assignment of error based upon the exception to that portion of the judgment in which it is ordered that Ragan Knitting Company have and recover of the Kernersville Knitting Company the sum of $8,867.28, is sustained. The action is remanded to the Superior Court of Guilford County in order that judgment may be entered in accordance with this opinion.

The assignments of error in the appeals of Highland Cotton Mills, J. H. Adams, and Kernersville Knitting Company, with respect to the payment of costs, must be sustained.

The consolidated action, tried before the referee, in which the judgments are rendered, is not an equitable proceeding, in which costs may be allowed or not, in the discretion of the court. C. S., 1243. The three actions were consolidated and referred for trial, by consent of all parties. Without such consent, no order of reference could have been made. The costs in each action should be taxed just as they would have been had there been no reference. Costs should be allowed to the party in whose favor judgment is rendered. C. S., 1225.

The judgments in the action entitled "Highland Cotton Mills v. Ragan Knitting Company," and the action entitled "Ragan Knitting Company v. J. H. Adams" must be modified. In the former action the plaintiff, and in the latter action, the defendant, is entitled to recover his costs. As thus modified, the judgments are affirmed.

The judgment in the action entitled "Kernersville Knitting Company v. Ragan Knitting Company," having been reversed, upon plaintiff's first assignment of error on its appeal to this Court, no order is now made with respect to the costs. Judgment will be rendered in the court below with respect to costs in accordance with this opinion.

In appeals of Highland Cotton Mills and J. H. Adams
Modified and affirmed.

In appeal of Kernersville Knitting Company
Reversed.