ALF. M. THOMPSON, TRUSTEE OF RALEIGH ROOFING AND CORNICE COMPANY, BANKRUPT, v. S. B. SHEPHERD, J. E. STEVICK AND MAMIE ALDERSON.

(Filed 12 October, 1932.)

1. **Corporations D e—Corporation may purchase its own stock when transaction is open, fair and for valuable consideration.**

   The purchase of its stock by a corporation from an officer, director and attorney thereof may be valid upon resolution of all its directors and shareholders when done openly and fairly for a valuable consideration at a time when the corporation is prosperous and the consideration therefor is not a preëxisting debt of the corporation, in this case the consideration was the lands whereon the corporate business was done and a certain sum in cash, the transaction being without fraud or oppression, and the corporation thereafter borrowing money to supply the cash paid as a part of the consideration.

2. **Same—Receiver's request for directed verdict in action to set aside purchase of its stock by corporation held properly refused.**

   Where, in an action by the receiver of a corporation to set aside the purchase by the corporation of its own stock from an officer and director thereof, the evidence tends only to show that the transaction did not affect the rights of creditors and all the directors and stockholders agreed to it at the time, that the transaction was made with a full disclosure of the facts and was free from fraud and oppression and that at the time the corporation was operating at a large profit and continued in business for several years thereafter: *Held,* the refusal of the receiver's motion for a directed verdict was not error.

3. **Corporations C d—Transaction between corporation and its officer is regarded with suspicion and burden is on officer to prove fairness.**

   The dealings between a corporation and its officers and directors should be closely scrutinized by the courts to ascertain whether the transaction is free from fraud and oppression and that it is not prejudicial to the corporation or its creditors, and the burden of proof is on the officer or director to show that the transaction was open, fair, and for a valuable consideration.

**4. Same—C. S., 1161 and 1179, held not applicable to the facts of this case.**

In this case a corporation purchased its own stock from an officer and director at a time when the corporation was operating at a large profit and had no preëxisting debts, and the stock was later reissued to its other stockholders, the purchase being made with the unanimous consent of all its directors and stockholders: *Held*, upon the insolvency of the corporation several years after the transaction, the provisions of C. S., 1161 and 1179 are not applicable in the receiver's suit against the directors.

APPEAL by plaintiffs from *Devin, J.,* and a jury, at March Term, 1932, of WAKE. No error.

The Raleigh Roofing and Cornice Company, was a corporation composed of S. B. Shepherd, J. E. Stevick and Mamie Alderson, they were all the stockholders at the time of the matter hereinafter referred to. On ........ April, 1925, the following was agreed to and entered on the minutes of the meeting of the stockholders of said corporation: "That whereas the assets of the corporation, taken from the annual report made in February, 1925, shows the same to be over $65,000, over and above all its liabilities, and that the accumulative capital of the company is in excess of the amount necessary to carry on the business of the company and to maintain its credit, and the stockholders have agreed on the proposition submitted by Mr. Shepherd: Therefore, be it resolved that the said ....... . ...... be, and the same is hereby accepted, that the officers of the company are directed to pay to the said S. B. Shepherd the sum of $4,000 in cash and to make deed to the real estate lying on Davie and Gale streets in the city of Raleigh in exchange for his entire holdings of stock in the said company, the same amounting to 30 shares; and they further authorize the lease of said building from the said Shepherd upon the terms outlined in his offer."

At the time this resolution was passed, Shepherd was vice-president, director and attorney for the corporation, and held a majority of the stock. Stevick was president, and Miss Alderson was secretary and treasurer, the capital stock being $5,000 at that time at a par value of $100 and consisted of fifty shares. Of the capital stock of fifty shares, S. B. Shepherd owned 30, Stevick 19, and Miss Alderson 1.

The testimony of Miss Alderson was substantially as follows: "That she was secretary and treasurer and bookkeeper, and that she kept the minutes of the corporation, and that every year since it was organized back in 1910 or 1911, that since that time Mr. Shepherd has been a stockholder and director, and that the business was prosperous and made money, and that the dividends were paid out of the earnings of the corporation, which amounted to in many years as much as 60 per cent,

legally paid out of the earnings of the company, according to statements and that from the earnings of the company real estate was purchased and buildings erected thereon at a cost to the corporation of some $13,000, but which at the time were worth something like $30,000, and which was agreed to by Mr. Stevick, and Mr. Shepherd and Miss Alderson; that Mr. Stevick, who was president and the active man in the corporation, directing its operations, was engaged in the roofing and cornice business in the city of Raleigh, and working upon buildings, that Mr. Shepherd was drawing a considerable amount of dividends, that Mr. Stevick deemed it wise to have this stock transferred to the company for such use as he desired to make, and eliminate Mr. Shepherd so that the earnings of the company would go into the treasury, or to whom the transfer of stock might thereafter be made, and that the suggestion came from Mr. Shepherd to make arrangements by which Mr. Stevick's interest in the company might be extended, and thereupon Mr. Shepherd made a proposition, which was agreed to by Mr. Stevick and Miss Alderson, and that it was drawn up, and at a meeting of the stockholders and directors sale made of this real estate paying him $4,000 additional.

The stock purchase of S. B. Shepherd was reissued, 16 shares to Stevick, 12 to his son, and two to Miss Alderson. Thereafter the corporation borrowed $4,000 to pay Shepherd. The plaintiff contends that part of this has not been paid. Thereafter the business commenced to decline and in a few years it had to be placed in bankruptcy—on 10 December, 1929.

The court below gave the contentions in part as follows: "The defendant contends that the subsequent course of the corporation should not be considered by you in valuation of the stock at the time that this transaction was made, and which turned out to be made at a time when business was at a high and prosperous grade, that he was drawing a large dividend, and that the other stockholders wanted to get him out, and that he made this proposition which they accepted, and at that time it was fair and open, and was at that time an adequate consideration, and that business declined afterwards, and that it turned out to be a bad investment, and that at the time it was a fair and adequate consideration, and that thirty shares of stock representing 60 per cent of the total amount of the assets of the corporation, was a fair consideration for the conveyance of the real estate, and the payment of the money, and he contends that it was fair, open and above board in all respects, and no suggestion that he overreached his associates, and that no act of fraud was practiced, but contends that it was an adequate consideration, and he contends that it was fair and adequate at the time it was made,

and the plaintiff contends that it was not fair and adequate, the plaintiff contends that he occupied a dominant position, the burden being on him to show that it was a fair and adequate consideration, and the plaintiff contends that the evidence should not warrant you in finding that it was for an adequate consideration, that the transfer of these shares was not worth anything near what Mr. Shepherd got from the corporation in real estate and cash. This is a question for you. Take the issue and consider it and answer without regard to anything else except the evidence and rules of law laid down to you for your guidance. Upon your further request for information, I charge you that you are to be the sole judges of the evidence and the only matter for you to consider is the matter of the sufficiency of the consideration at the time of the transaction and what happened thereafter is of no concern to you. The matter is entirely a matter of fact for your consideration and you will have to determine for yourselves."

The following judgment was rendered by the court below: "This cause comes on to be heard and is heard before Honorable W. A. Devin, judge, and a jury, at the above stated term of court, whereupon the court submitted to the jury an issue as follows: 'Was the conveyance of the property described in paragraphs Nos. 6 and 12 of the complaint, by the Raleigh Roofing and Cornice Company to the defendant S. Brown Shepherd, openly and fairly made and for an adequate consideration?' The jury answered the issue 'Yes.'

It is now, therefore, upon motion of Ruark & Ruark and Charles U. Harris, attorneys for defendant, S. B. Shepherd, ordered, adjudged and decreed that the deed from Raleigh Roofing and Cornice Company, to S. B. Shepherd referred to in the complaint, which said deed is dated 2 May, 1925, and was filed for registration at 12 o'clock noon, on 8th day of May, 1925, and is recorded in the office of the register of deeds of Wake County, in Book 460, page 532, was and it constitutes in all respects a valid conveyance from Raleigh Roofing and Cornice Company, to S. B. Shepherd of the lands and premises referred to and described in said deed and in the complaint in this action, and that the plaintiff is not entitled to any relief by reason of any of the matters and things alleged in the complaint. It is further ordered, adjudged and decreed that defendant, S. B. Shepherd, go without day and recover of the plaintiff and the sureties on plaintiff's prosecution bond the costs to be taxed by the clerk of this court.            W. A. DEVIN, *Judge Presiding*."

The plaintiff excepted to the judgment as signed and made numerous other exceptions and assignments of error, and appealed to the Supreme Court.

*J. C. Little and Briggs & West for plaintiff.*
*Ruark & Ruark for defendant.*

CLARKSON, J. We think the main exception and assignment of error, made by plaintiff and determinative of this controversy: Did the court below err in refusing plaintiff's motion for a directed verdict at the close of all the evidence? We cannot so hold.

In *Hill v. Lumber Co.,* 113 N. C., at p. 176, we find: "Neither can there be any doubt that the capital stock and property of the corporation, in case of its insolvency, constitute a fund, first for the satisfaction of its creditors, and next for the shareholders."

The principle is thus stated in *Wall v. Rothrock,* 171 N. C., at p. 391: "There is no doubt that a board of directors, unless restricted by charter, may borrow money for the *present* needs of the corporation, and authorize certain directors to endorse the notes and secure them by mortgage on the corporate property, if done in good faith. . . . There is nothing to hinder a director from loaning money and taking liens on the corporate property to secure him. If he can do that, he can lend his credit by endorsing its paper in order to obtain needed cash, and secure himself upon the corporation's property. Such transactions are looked upon with suspicion, and strict proof of their bona fides is required . . . but the directors, occupying a fiduciary relation, are not permitted to secure themselves *against preëxisting liabilities of the corporation upon which they are already bound, or for money they may have already loaned, when the corporation is in declining circumstances and verging on insolvency.* (Italics ours.) They cannot be permitted to take advantage of their intimate knowledge of the corporation's affairs for their own benefit at the expense of the general creditors." *Power Co. v. Mill Co.,* 154 N. C., 76; *Pender v. Speight,* 159 N. C., 612; *Gilmore v. Smathers,* 167 N. C., 444; *Drug Co. v. Drug Co.,* 173 N. C., at p. 508; *Redrying Co. v. Gurley,* 197 N. C., at p. 61; *Shuford v. Brown,* 201 N. C., at p. 24.

It will be noted that the vice is when the transaction affects *preëxisting liabilities.* In the present action when the matter complained of was consummated, there were no preëxisting liabilities. The $4,000 note was made subsequent.

Thompson on Corporations, Supplement, 1931, part sec. 3685, at p. 610: "It is not illegal for a corporation to retire its stock if it has sufficient surplus so that the rights of its creditors will not be adversely affected." N. C. Code, 1931 (Michie), C. S., 1161, 1179. See *Pender's case, supra.*

The matter germane to this action is succinctly stated, citing many decisions, in Thompson on Corporations, *supra,* part sec. 4081, p. 638:

"A purchase of its own stock by a corporation must be free from fraud and must not prejudice the rights of creditors. . . . Generally the propriety and desirability of a purchase by a corporation of its stock should be determined by its directors rather than by the courts."

The purchase must be free from fraud. On this aspect, the issue submitted was as follows: "Was the conveyance of the property described in paragraphs Nos. 6 and 12 of the complaint, by the Raleigh Roofing and Cornice Company to the defendant, S. Brown Shepherd, openly and fairly made, and for an adequate consideration?" To which the jury responded in the affirmative—Yes.

In *Hospital v. Nicholson,* 189 N. C., at p. 49, citing numerous authorities, speaking to the subject, it is said: "When an officer or director of a corporation purchases or leases its property, the transaction is voidable, not void, and will be sustained only when openly and fairly made for an adequate consideration. The presumption is against the validity of such contract and when it is attacked the purchaser or lessee must show that it is fair and free from oppression, imposition, and actual or constructive fraud. Firmly established in our jurisdiction is the doctrine that a person occupying a place of trust should not put himself in a position in which self-interest conflicts with any duty he owes to those for whom he acts; and as a general rule he will not be permitted to make a profit by purchasing or leasing the property of those toward whom he occupies a fiduciary relation without affirmatively showing full disclosure and fair dealing. Upon this principle it is held that a director who exercises a controlling influence over codirectors cannot defend a purchase by him of corporate property on the ground that his action was approved by them." *Mfg. Co. v. Bell,* 193 N. C., 367; *Cotton Mills v. Knitting Co.,* 194 N. C., 80; *Morris v. Y. & B. Corp.,* 198 N. C., at p. 713.

The court below charged the jury in the very language of the *Hospital case, supra.* The court below further charged the jury: "No corporation has the right to reduce its capital stock except in the manner prescribed by the statute, and there is no evidence that in the transaction of April, 1925, this was done or attempted to be done. Capital stock may be decreased by the purchase of shares for retirement at not above par. Unless restrained by some provision of the charter, a corporation may purchase its own stock for sale or proper disposition of the same. Now the action here is for the purpose of declaring void and illegal the transfer of the property of the corporation to an officer of the corporation upon the ground that it was not fair, open and for a fair and adequate consideration. . . . If you find that it was made openly, without concealment, and with full knowledge of the facts by the parties concerned,

fully disclosed, fairly and without taint of oppression, coercion, improper or undue influence, or undue advantage, in good faith and free from actual or constructive fraud, for a fair consideration, not necessarily the exact consideration to a nicety, but a fair and adequate consideration, for the conveyance was paid, and that it was openly and fairly made, if you find these are the facts by the greater weight of the evidence, answer the issue Yes, otherwise No."

We do not think C. S., 1161 or 1179, N. C. Code, 1931, (Michie), applicable to the facts in this case, but the principle is well settled as stated in *Ellington v. Supply Co.,* 196 N. C., at p. 789: "Corporations are artificial beings and are organized to do business in accordance with the statutory provisions of the law on the subject. The powers, rights, duties, and liabilities are fixed by statute and they are creatures of the law. Every one dealing with a corporation does so with the express or implied limitations imposed by statute."

It seems from the record that all the stockholders—the three—were satisfied, they were the ones most vitally interested. The jury found there was no fraud, after a charge by the court below in which we find no error. The corporation had been in existence since 1 August, 1910, it purchased Shepherd's stock in April, 1925, continued to function for years after until the business deflation of recent years, and on 10 December, 1929, it became bankrupt. There were no preëxisting debts. In law we find

No error.