GREEN RIVER MANUFACTURING COMPANY v. F. D. BELL.

(Filed 16 March, 1927.)

1. **Corporations—Deeds and Conveyances—Officers—Self-Interest—Directors—Resolutions—Meetings.**

Where the president and secretary of a corporation control a majority of its stock, and with three others constitute the board of directors, a deed executed in proper corporate form by them to the secretary, for an adequate consideration, in good faith and in the absence of fraud, under a full discretionary power given to the president by the directors by resolution properly passed, is not absolutely void under the principle that an officer of a corporation may not deal with it in his official capacity for his own gain or profit.

2. **Same—Ratification.**

And where authority for such transaction has not been given by the corporation, it is only voidable at the election of the company, and may be afterwards ratified by proper corporate action.

3. **Corporations—Directors—Records—Resolutions—Parol Evidence.**

Where authorization for the sale and conveyance of corporate lands has not been fully recorded in the record of its stockholders meeting, the omitted parts may be shown by parol evidence.

4. **Corporations—Deeds and Conveyances—Officers—Self-Interest—Good Faith—Fraud—Burden of Proof—Evidence—Questions for Jury.**

The presumption is against the validity of a deed to corporate lands made by the president of a corporation to its secretary, with the burden on the grantee to show that the purchase was fair, open and free from imposition, undue advantage or actual or constructive fraud, the question being for the jury to determine.

5. **Same—"Good Faith"—Evidence.**

Evidence that the directors of a corporation were individually consulted as to the conveyance of the corporate lands by the president and secretary to the latter, is *held* competent, under the facts of this case, only upon the question of "good faith" in the transaction.

Civil action before *Perry, Emergency Judge,* Henderson Superior Court.

The plaintiff is a corporation and was the owner of certain lands in said county.

The plaintiff conveyed to the defendant, F. D. Bell, as follows, to wit:

(a) 28 August, 1922, deed for certain land and water rights.

(b) 20 February, 1924, deed for 35 1/5 acres of land.

(c) 15 September, 1923, lease for 1 2/3 acres of land for a period of five years.

(d) 10 June, 1924, option for one acre of land.

All of the foregoing deeds were signed as follows: "Green River Manufacturing Co. By J. O. Bell, Vice-President. Attest: F. D. Bell, Secretary."

At the time said conveyances were made J. O. Bell was vice-president and treasurer of plaintiff company, and the grantee in said deeds, to wit, the defendant, F. D. Bell, was the secretary of said company. On 4 September, 1920, at a meeting of the stockholders of plaintiff company a resolution was adopted containing this language:

"On motion, made, seconded and carried, J. O. Bell was authorized, directed and empowered to use his own judgment and discretion in the sale of lots and sites, options and leases, and when satisfied that the company's interest would be served, to sell and make full warranty deeds, to rent lands, and houses, to lease, option, contract, and to give such water rights, easements and privileges as he thought wise and best, and would serve the mutual interest of all concerned.

Mr. Tanner made the suggestion that as Mr. Bell was on the grounds, naturally he would be more conversant with the situation, the needs and requirements and better qualified to decide and take action than any one else as the occasion arose on all such matters."

On the same date the directors of plaintiff company passed a resolution containing the following clause: "On motion duly made, seconded and carried, the treasurer was instructed, authorized and empowered and directed, using his own best judgment and discretion to make such sale of lots, sites and camp sites, giving warranty deeds, making such prices, terms and contracts to rent lands, and houses, to lease and make such options, and contracts, to give such water rights, easements and privileges and inducements as would best serve the combined interest of all concerned. That being on the grounds and thoroughly familiar with conditions, he was in better position to set prices and make terms to suit each individual case than any one else."

At the time said resolutions were adopted J. O. Bell owned a majority of the stock of the corporation, and the resolutions would not have been passed except for the vote of J. O. Bell and his son, F. D. Bell. The corporation had five directors and three constituted a quorum. J. O. Bell sold his stock in the corporation in July, 1924, to Mr. Vann Ness for thirty cents on the dollar. J. O. Bell testified that a resolution had

been passed in 1922, ratifying and authorizing the sale of the property in controversy to certain persons, but that this resolution had been lost. The witness was shown a resolution dated 16 September, 1922, which was not offered in evidence, and the witness Bell testified that this resolution was not complete—that it was "just a sketch of the minutes." During the examination of the witness Bell the court intimated to counsel that in the opinion of the court "it was a question of law as to whether or not the plaintiff was entitled to elect to avoid the transactions represented by the deeds referred to in the pleadings and the evidence irrespective as to whether the property brought a fair price, and the transactions were made openly and in good faith. Thereupon, the case was withdrawn from the jury and the following judgment entered:

"This cause coming on to be heard before his Honor, B. H. Perry, judge presiding, and a jury, at this term and pending trial, and after the cross-examination of J. O. Bell, and during the redirect examination of that witness, his Honor stated to counsel for plaintiff and defendant that he desired argument on the question as to the right of the plaintiff to avoid the six instruments offered in evidence regardless of the questions of good faith of all parties connected with the transactions and of adequate considerations paid by defendant to plaintiff for the lands and rights conveyed by said instruments, and after arguments of counsel, the court being of the opinion that upon the resolutions of the stockholders and directors offered in evidence and upon the records of the corporation, and the admissions of the defendant that J. O. Bell was vice-president and treasurer and a director of the Green River Manufacturing Company, and that at the time said resolutions were passed and the directors elected that J. O. Bell and his immediate family owned more than one-half of the outstanding capital stock of said corporation, and it further appearing that Frank D. Bell, the defendant, was a director of the Green River Manufacturing Company and the secretary of the corporation, and that the said Frank D. Bell is a son of J. O. Bell, and that J. O. Bell was the active manager of the plaintiff and the only resident director of the plaintiff with the exception of the defendant, and that the four deeds and two options offered in evidence were executed by the plaintiff pursuant to the resolutions above stated so signed by J. O. Bell as vice-president and attested by Frank D. Bell as secretary.

Upon the foregoing facts the court holds that the plaintiff is entitled to have the six instruments mentioned and described in the complaint and offered in evidence as Exhibits 1, 2, 3, 4, 5, and 6 set aside, the same being voidable at the option of the plaintiff, even though the same

24—193

were executed in good faith, openly and for a full, fair and adequate consideration:

It is, therefore, adjudged and decreed by the court of its own motion that the plaintiff, Green River Manufacturing Company, is entitled to have the four deeds and the two leases or options, referred to in the complaint, surrendered up for cancellation upon paying to the defendant the purchase price heretofore tendered said defendant by the plaintiff before the institution of this action, and it is accordingly decreed that the said defendant surrender up to the court for cancellation the four said deeds and two leases or options specifically referred to in the complaint, and that the same be accordingly canceled pursuant to the foregoing decree, and that at the same time the plaintiff pay into court for the use of the defendant the said sum of $4,300, with interest thereon from the date or dates when the same was paid by the defendant to the plaintiff, heretofore tendered said defendant as a part of the purchase price for said land, together with the defendant's promissory notes, representing the balance of said purchase price of said lands.

It is further adjudged that the issues as to the rental value of said lands and the issue as to betterments, if any, to which the defendant may as a matter of law and fact be declared to be entitled to, be reserved for further determination before a jury of said county and that in the meantime this cause be held and remain on the civil issue docket for that purpose."

From the foregoing judgment the defendant appealed.

*Ewbank, Whitmire & Weeks and Cansler & Cansler for plaintiff.*
*Shipman & Justice and Mark W. Brown for defendant.*

BROGDEN, J. The question of law is this: Are the deeds, lease and option executed to the defendant void or voidable at the election of the company without reference to the adequacy of the consideration or the absence of fraud?

The plaintiff contends that the conveyances referred to, the lease and the option are void by reason of the fact that the deeds were executed in the name of the plaintiff by J. O. Bell, vice-president of the plaintiff company, to F. D. Bell, secretary of plaintiff company, and that by virtue of this fiduciary relationship the attempted conveyances are void.

The effect of conveyances or leases made by a corporation to one of its officers or directors is thus expressed in *Hospital Co. v. Nicholson,* 189 N. C., p. 44: "When an officer or director of a corporation purchases or leases its property, the transaction is voidable, not void, and will be sustained only when openly and fairly made for an adequate consideration. The presumption is against the validity of such contract,

and when it is attacked the purchaser or lessee must show that it is fair and free from oppression, imposition and actual or constructive fraud. Firmly established in our jurisprudence is the doctrine that a person occupying a place of trust should not put himself in a position in which self-interest conflicts with any duty he owes to those for whom he acts; and as a general rule he will not be permitted to make a profit by purchasing or leasing the property of those toward whom he occupies a fiduciary relation without affirmatively showing full disclosure and fair dealing. Upon this principle it is held that a director who exercises a controlling influence over codirectors cannot defend a purchase by him of corporate property on the grounds that his action was approved by them." *McIver v. Hardware Co.,* 144 N. C., 478; *Crockett v. Bray,* 151 N. C., 615; *Pender v. Speight,* 159 N. C., 612; *Wall v. Rothrock,* 171 N. C., 388; *Caldwell v. Robinson,* 179 N. C., 518.

The controlling principles of law with respect to validity of deeds made by a corporation to its officers or directors may be summarized as follows:

1. The conveyance of the property must be authorized by the corporation or ratified by it.

2. The law presumes that such conveyances are invalid and imposes upon the purchaser the burden of establishing that the purchase is fair, open and free from imposition, undue advantage, actual or constructive fraud.

3. Such conveyances will not be declared void as a matter of law, but it is a question for the jury to determine upon all the evidence as to whether the vitiating elements enter into the particular transaction.

In this case it appears that a resolution was adopted prior to the execution of said conveyances, authorizing the vice-president to make a sale of the land in accordance with his best judgment. "The courts of this country have generally adopted the common-law principle that if an act is to be done by an incorporated body, the law, resolution, or ordinance authorizing it to be done is valid if passed by a majority of those present at a regular meeting." *Cotton Mills v. Comrs.,* 108 N. C., 678; *Everett v. Staton,* 192 N. C., 216; *Respess v. Spinning Co.,* 191 N. C., 809.

The record in this case discloses that the resolution authorizing the sales was adopted by a majority of those present at a legal meeting. There was evidence tending to show that a resolution had been adopted in 1922 ratifying the sales, and that this resolution had been lost. Thereupon the witness was shown a resolution purporting to be adopted on 16 September, 1922, which was not offered in evidence. Referring to this resolution the witness testified that no reference was made to the price at which the lots were sold or to the prospective purchaser, but

that the resolution was not complete because it was "just a sketch of the minutes." Thereupon the witness was permitted to testify as to conversations with the other officers who approved the sales, though not in a corporate meeting. This evidence was admitted for the purpose of showing good faith only. At this point the trial judge intimated, "it was a question of law as to whether or not the plaintiff was entitled to elect to void the transactions represented by the deeds referred to in the pleadings and evidence, irrespective as to whether the property brought a fair price and the transactions were made open and in good faith." Thereupon the court held that as a matter of law plaintiff was entitled to judgment.

In this ruling of the court there was error, which must necessitate a new trial.

If the corporate minutes referred to did not show all the transactions that took place at the corporate meeting, or if they were not complete in this particular, as testified to by the witness, then the omission could be supplied by parol testimony. This principle of law was thus declared in *Motor Co. v. Scotton,* 190 N. C., 194: "The general rule is that the recorded minutes of a corporation are presumed to cover the entire subject-matter or transaction and constitute the best evidence. But if the entire transaction is not recorded or the record is incomplete and fragmentary the presumption is not conclusive and parol evidence may be introduced to show what in fact was done. The incomplete records of private corporations are generally open to explanation by parol evidence." *Bailey v. Hassell,* 184 N. C., 458; *Everett v. Staton,* 192 N. C., 216.

Under the principles of law pertinent to such transactions it was a question for the jury as to whether or not the conveyances were properly authorized by the corporation and made in good faith for a fair consideration and free from the taint of imposition, undue advantage or fraud.

Reversed.