.J. B. NICHOLS v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY

No. 713DC441

(Filed 4 August 1971)

1. **Insurance § 6— construction of policy — ambiguities**

Since the words in an insurance policy were selected by the insurance company, any ambiguity or uncertainty as to their meaning must be resolved in favor of the policyholder or beneficiary and against the company.

2. **Insurance § 130— fire insurance — tobacco warehouse — notice and proof of loss — "insured"**

In a fire insurance policy issued to the owners of a tobacco warehouse and insuring tobacco owned by others while in the custody of the warehouse for auction, requirement that the "insured" give notice and proof of loss referred to the named insureds, the warehouse owners, and not to other owners of tobacco covered by the policy.

3. **Bailment § 5; Insurance § 130— fire insurance — failure of bailor to give notice and proof of loss**

A bailor cannot void the effect of insurance providing coverage on the property of others in his custody simply by failing to file proofs of loss for the bailees' property in his possession.

Nichols v. Insurance Co.

**4. Appeal and Error § 57— findings of fact — review on appeal**
    Where a jury trial is waived, the court's findings of fact are conclusive if supported by any competent evidence, and a judgment supported by such findings will be affirmed on appeal.

**5. Insurance § 120— fire insurance — unloaded tobacco in warehouse**
    Where plaintiff left his tobacco overnight on his truck inside a tobacco sales warehouse, the tobacco was in the custody of the warehouse for auction within the coverage of a fire insurance policy issued to the owners of the tobacco warehouse, notwithstanding the tobacco had not been weighed or accepted for sale pursuant to U. S. Department of Agriculture regulations.

APPEAL by defendant from *Roberts, District Judge,* 15 February 1971 Session of PITT County District Court.

Plaintiff instituted this action seeking to recover as a third party beneficiary on a contract of fire insurance issued by defendant to William T. Cannon and Carlton J. Dail, T/A Cannon's Warehouse (Warehouse). Plaintiff alleged that the policy of insurance issued to Warehouse insured tobacco belonging to others while in the custody of Warehouse for the purpose of sale; that plaintiff's tobacco was in the custody of Warehouse for the purpose of sale; and that plaintiff's tobacco was destroyed by fire on 15 September 1969.

It was stipulated that there was a policy of insurance in force covering Warehouse and issued by defendant at the time of the loss complained of. The policy stated that it covered "leaf, loose, scrap and stem tobacco, the property of others while in the custody of the Insured for auction . . . all while on the premises of the above described tobacco sales warehouse or while located within 100 feet thereof whether in the open or in vehicles."

Plaintiff's evidence tended to show: On 15 September 1969 plaintiff loaded 18 sheets of tobacco, averaging about 180 lbs. per sheet onto his pickup truck and carried it to Cannon's Warehouse where he had to wait in line outside the warehouse. Plaintiff got his truck into the warehouse that night but did not get the tobacco unloaded and weighed. He was still in line behind several other trucks. Plaintiff left the warehouse about 8:00 or 8:30 that night, taking his truck keys with him but leaving the truck unlocked with the tobacco still tied up on the back. The door to the warehouse was shut around 9:30 p.m. When plaintiff returned the next morning, he found that

the warehouse had burned, totally destroying his truck and tobacco. He noted that the truck had been moved within the warehouse from where he left it the night before. Plaintiff contacted Mr. Cannon the following day and notified him of the quantity of tobacco on the truck. Mr. Cannon made a written notation of that amount. Plaintiff thereafter learned that Mr. Cannon had been paid by defendant but was told by Mr. Cannon that the insurance did not cover tobacco inside the warehouse on vehicles that had not been unloaded.

Mr. Cannon, appearing as a witness for plaintiff, testified on cross-examination that tobacco cannot be accepted for sale until the farmer presenting it has also presented an ASCS (Agriculture Stabilization and Conservation Service) card and the tobacco has been weighed; that this must be done pursuant to regulations of the U. S. Department of Agriculture. (At the time of the fire, plaintiff's tobacco had not been weighed or accepted for sale pursuant to the USDA regulations.)

Defendant did not put on any evidence. At the close of all the evidence, the trial judge, sitting without a jury, made findings of fact as contended by plaintiff. Based on the findings of fact, the trial judge concluded as a matter of law that plaintiff's tobacco was in the custody of the named insured for the purpose of being sold at auction; that the policy of insurance issued by defendant to Warehouse insured plaintiff's tobacco against loss by fire and the tobacco was destroyed by fire on 15 September 1969; and that plaintiff is entitled to recover $2,268.00.

Judgment was entered in favor of plaintiff and defendant appealed.

*Milton C. Williamson and M. E. Cavendish for plaintiff appellee.*

*Smith, Anderson, Dorsett, Blount and Ragsdale for defendant appellant.*

BRITT, Judge.

Defendant first contends that plaintiff is not entitled to maintain this action for the reason that he did not file proof or notice of loss with defendant as required by the insurance policy. We do not agree with this contention.

The policy provides:

> "The insured shall give immediate written notice to this Company of any loss . . . and within sixty days after the loss, unless such time be extended in writing by this Company, the insured shall render to this Company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following: the time and origin of the loss, the interest of the insured and of all others in the property, the actual cash value of each item thereof and the amount of loss thereto. . . .
>
> · · ·
>
> No suit or action on this policy for the recovery of any claim shall be sustainable in court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

[1, 2] It is settled law that, the words in an insurance policy having been selected by the insurance company, any ambiguity or uncertainty as to their meaning must be resolved in favor of the policyholder, or the beneficiary, and against the company. *Trust Co. v. Insurance Co.*, 276 N.C. 348, 172 S.E. 2d 518 (1970). Nowhere in the policy is there a definition of the word "insured" but it appears from the usage of the word in the policy that "insured" refers only to the named insured, William T. Cannon and Carlton Dail, T/A Cannon's Warehouse. While the policy makes provision for the coverage of tobacco owned by others but in the custody of Warehouse, it does not define the owners of the tobacco as "insureds" but does refer to them as "owners." Indeed, the provision requiring submission of notice and proof of loss states that *"the insured* shall render to the Company a proof of loss . . . stating . . . *the interest of the insured and of all others in the property* . . . . "* (Emphasis added.)

[3] When plaintiff left his tobacco and truck in the custody of Warehouse, as the facts found by the trial judge and supported by the evidence so show, a bailee-bailor relationship for the mutual benefit of both was created. The facts show that Warehouse did receive proceeds of the insurance to cover the tobacco already weighed and ready for sale. Warehouse, apparently believing that plaintiff's tobacco was not covered by the policy

of insurance, failed or refused to include the claims of plaintiff and others similarly situated in the proof of loss. It has been held that a bailor cannot void the effect of insurance providing coverage on the property of others in his custody simply by failing to file proofs of loss for the bailees' property in his possession. *United States Fidelity & Guaranty Co. v. Slifkin,* 200 F. Supp. 563 (N.D. Ala. 1961). See also *Exton & Co. v. Home Fire & Marine Ins. Co.,* 249 N.Y. 258, 164 N.E. 43 (1928). We hold that plaintiff was not required by the policy to give defendant notice and render proof of loss.

[4, 5] Defendant also contends that the trial judge erred in finding that plaintiff's tobacco was in the custody of insured for auction. This contention is without merit. Where a jury trial is waived, the court's findings of fact are conclusive if supported by any competent evidence, and a judgment supported by such findings will be affirmed. *Piping, Inc. v. Indemnity Co.,* 9 N.C. App. 561, 176 S.E. 2d 835 (1970). Plaintiff testified that he brought the tobacco to the warehouse for the purpose of selling it at auction. He left his truck in the warehouse and the doors to the warehouse were shut. When he returned the following morning, he noticed the truck had been moved to allow additional trucks to enter the warehouse. Defendant's contention that the ASCS regulations govern the question of custody are erroneous. Those regulations merely provide a system for the enforcement of tobacco allotments.

The language of the policy providing coverage would seem to have contemplated this precise situation. The policy provided coverage for tobacco "the property of others while in the custody of the Insured . . . while on the premises of the above described tobacco sales warehouse or while located within 100 feet there of *whether in the open or in vehicles.*" (Emphasis added.) We hold that the evidence supports the finding that plaintiff's tobacco was in the custody of the insured for auction.

All pertinent facts found by the trial court are fully supported by the evidence, and the conclusions of law are supported by the findings of fact. The judgment is

Affirmed.

Judges MORRIS and PARKER concur.