MOUNTAIN TOP YOUTH CAMP, INC. v. GALE W. LYON AND WIFE; NANCY H. LYON; AND MARTHA G. LYON

No. 7417SC13

(Filed 20 February 1974)

1. Corporations § 12— deed from corporation to officer — determination of validity

The determination of the validity of a deed made by a corporation to its officers or directors is governed by the following principles: (1) the conveyance must be authorized by the corporation or ratified by it; (2) the law presumes that such conveyances are invalid and imposes upon the purchaser the burden of establishing that the purchase is fair, open, and free from imposition, undue advantage, actual or constructive fraud; and (3) such conveyance will not be declared void as a matter of law, but it is a question for the jury to determine upon all the evidence as to whether the vitiating elements enter into the particular transaction.

2. Corporations § 12— deed from corporation to officer — secret transaction — deed delared null and void

Where the evidence tended to show that male defendant, who was president of plaintiff corporation at the time of the transaction complained of, was not authorized by the corporate plaintiff, its board of directors, or any other party to transfer the parcel of land in question to himself, the board of directors had no knowledge of the transaction until the same was discovered by chance more than three years after it occurred, the transaction was not thereafter ratified by the board of directors of the corporation, there was no believable evidence

that adequate consideration passed from defendants to plaintiff, and the execution of the deed was done and maintained in secrecy and with the intention of concealment of the entire transaction, such evidence was sufficient to support the trial court's conclusions that the conveyance was unauthorized and unratified and that it must be declared null and void.

APPEAL by defendant from *Godwin, Judge,* 30 April 1973 Session of Superior Court held in STOKES County.

This is a civil action filed by the plaintiff, Mountain Top Youth Camp, Inc. (a non-profit corporation), against defendants, Gale W. Lyon, his wife Nancy, and their minor daughter Martha, wherein the plaintiff seeks to have certain deeds set aside and declared void and of no effect. The controversy centers around a deed conveying a ten acre tract of land allegedly made by plaintiff to defendants Gale and Nancy Lyon and a subsequent deed executed by defendants Gale and Nancy Lyon to their minor daughter Martha transferring the same real property.

All parties waived a jury trial and agreed that the Presiding Judge might find the facts, reach conclusions of law, and enter judgment accordingly.

The findings of fact of the trial court are summarized below, except where quoted:

Plaintiff is a non-profit corporation involved in the operation of a recreational summer camp program and defendant (Gale W. Lyon) is a past President and Director of this non-profit corporation. On 4 January 1968 the plaintiff was the record title owner of a ten acre tract of land and on this same date, Gale W. Lyon, as President of plaintiff corporation, executed a deed in the name of the plaintiff to himself and his wife which deed purported to convey the above-mentioned ten acre tract of land. This instrument was attested to by Thomas E. Steele, Sr., as Secretary of the plaintiff corporation. Approximately three years later Gale W. Lyon and his wife executed an instrument purporting to be a deed to the same ten acre tract to their minor daughter and this minor daughter paid no valuable consideration for this conveyance.

"[N]o authority for the execution and delivery of the instrument from the Plaintiff corporation to G. W. Lyon and wife purporting to convey said ten-acre tract of land was ever given by the Plaintiff, its Board of Directors, or any other body or

persons authorized to grant such authority, and . . . [this] execution and delivery was not thereafter ratified by the Board of Directors of the Corporation as its act and deed."

Furthermore, the trial court found as a fact (1) that no valuable consideration passed from defendants Gale and Nancy Lyon to plaintiff to support the transfer of the ten acre tract of land to them; (2) that the attestation by the Secretary of the plaintiff corporation of the instruments purporting to convey the ten acre tract of land was made "at the request of, and in reliance upon his confidence in Gale W. Lyon without knowledge of their contents or legal effect . . . " ; (3) that none of the officers or directors, other than Gale W. Lyon, or any other persons connected with the plaintiff corporation had any knowledge of the execution and purported conveyance of the ten acre tract described in the complaint to Gale W. Lyon and wife, Nancy H. Lyon, until the same was discovered by chance, after these instruments had been recorded in the Stokes County Public Registry in 1971; and that said execution of said instrument was done and maintained in secrecy, and with the intention of concealment of the entire transaction; and (4) that no ratification, recognition of or acquiescence in the action of Gale W. Lyon in executing the instruments purporting to convey the said ten acre tract of land described in the complaint, has ever been made by the directors, officers, or any other body or persons authorized to act for the plaintiff corporation.

Based upon the foregoing findings of fact, the trial court concluded "[t]hat the defendants Gale W. Lyon and Nancy H. Lyon have failed to show that the conveyance to them was fairly and openly authorized, that it was executed for an adequate consideration and that it is fair and free from oppression, imposition and actual or constructive fraud, and have failed to show a full disclosure and fair dealing in respect of the transaction of conveyance, and have failed to overcome and rebut the presumption against the validity of the .conveyance . . . . "

From the judgment entered setting aside the deeds in question and declaring them null and void, the defendants appealed.

*Harry Rockwell and John R. Hughes for plaintiff appellee.*

*William L. Nelson for defendant appellant.*

HEDRICK, Judge.

By their three assignments of error, defendants contend the court erred in its findings and conclusions that the defendants had failed to show that a valuable consideration passed from defendants and that the defendant Gale Lyon had no implied or inherent authority as President of the plaintiff corporation to convey the property of the plaintiff corporation to himself. We do not agree.

The purchase or lease of the property of a corporation by an officer or director of a corporation renders the transaction voidable, not void, and such transaction will be upheld only when open, fair, and for sufficient consideration. 19 C.J.S., Corporations, § 775, p. 137. "The presumption is against the validity of such contract and when it is attacked the purchaser or lessee must show that it is fair and free from oppression, imposition, and actual or constructive fraud. Firmly established in our jurisprudence is the doctrine that a person occupying a place of trust should not put himself in a position in which self-interest conflicts with any duty he owes to those for whom he acts; and as a general rule he will not be permitted to make a profit by purchasing or leasing the property of those toward whom he occupies a fiduciary relation without affirmatively showing full disclosure and fair dealing." *Hospital v. Nicholson,* 189 N.C. 44, 49, 126 S.E. 94, 97 (1924). See also, *Underwood v. Stafford,* 270 N.C. 700, 155 S.E. 2d 211 (1967) ; *Mfg. Co. v. Bell,* 193 N.C. 367, 137 S.E. 132 (1927).

[1] In *Mfg. Co. v. Bell, supra,* at p. 371, our Supreme Court succinctly stated several principles of law which govern the determination of the validity/invalidity of a deed made by a corporation to its officers or directors. These principles are as follows:

"1. The conveyance of the property must be authorized by the corporation or ratified by it.

2. The law presumes that such conveyances are invalid and imposes upon the purchaser the burden of establishing that the purchase is fair, open, and free from imposition, undue advantage, actual or constructive fraud.

3. Such conveyances will not be declared void as a matter of law, but it is a question for the jury to determine upon all

the evidence as to whether the vitiating elements enter into the particular transaction."

[2]    In the instant case the record reveals that the trial court made findings of fact (1) that defendant Gale Lyon was not authorized by the corporate plaintiff, its board of directors, or any other party to transfer the parcel of land in question to himself and his wife; (2) that the board of directors had no knowledge of this transaction until the same was discovered by chance more than three years after it occurred; (3) that the transaction was not thereafter ratified by the board of directors of the corporation; (4) that there was no believable evidence that adequate consideration had passed from defendants to the corporate plaintiff; (5) "that said execution of said instrument was done and maintained in secrecy and with the intention of concealment of the entire transaction." A careful review of the evidence presented in this case discloses that these findings are supported by plenary, competent evidence and thus, are binding upon this court. *Cogdill v. Highway Comm.* and *Westfeldt v. Highway Comm.*, 279 N.C. 313, 182 S.E. 2d 373 (1971) ; *Nichols v. Insurance Co.*, 12 N.C. App. 116, 182 S.E. 2d 585 (1971).

These findings, when viewed in light of the principles enunciated in *Hospital v. Nicholson, supra,* and *Mfg. Co. v. Bell, supra,* are sufficient to support the conclusions of the trial court that the transfer from plaintiff to defendants Gale and Nancy Lyon was unauthorized and unratified and that this conveyance from plaintiff to defendants Gale and Nancy Lyon and the subsequent conveyance to their minor daughter Martha must be declared null and void and set aside.

The judgment of the trial court is

Affirmed.

Judges CAMPBELL and BALEY concur.