FRED H. POORE AND WIFE, MARIE C. POORE v. SWAN QUARTER FARMS, INC., A. H. VAN DORP AND MARY H. VAN DORP

No. 882SC856

(Filed 5 September 1989)

**Corporations § 12— corporate deed to officer and director—presumption of invalidity**

The trial court should have entered a directed verdict for plaintiffs invalidating a deed from a corporation to an of-

ficer and director of the corporation where defendant failed to offer evidence rebutting the presumption against the validity of such a deed.

APPEAL by defendants from *Griffin (William C.), Judge*. Judgment filed 12 May 1988 in Superior Court, HYDE County. Heard in the Court of Appeals 24 February 1989. Plaintiffs' Petition for Rehearing allowed for limited purpose of modifying earlier opinion.

*Wayland J. Sermons, Jr., P.A., by Wayland J. Sermons, Jr., for plaintiff-appellees.*

*Lee E. Knott, Jr. for defendant-appellants.*

GREENE, Judge.

In a published opinion filed earlier in this matter and styled *Fred H. Poore and wife, Marie C. Poore v. Swan Quarter Farms, Inc., A. H. Van Dorp and Mary H. Van Dorp*, 94 N.C. App. 530, 380 S.E.2d 577 (1989), this court vacated a jury verdict in favor of the plaintiffs and remanded for entry of a directed verdict in favor of the defendants. In that opinion we failed to distinguish between the 16 June 1962 deed to Swan Quarter Farms, Inc. (corporation) and the 25 March 1969 deed from the corporation to Mary H. Van Dorp. A distinction is necessary because Mary H. Van Dorp, the grantee in the deed from the corporation, was also, at the time of the execution of the deed and its filing, a director of the corporation and its secretary.

When a transfer of property is made from a corporation to an officer or director of that corporation, there is a presumption against the validity of the deed. The purchaser has the "burden of establishing that the purchase is fair, open, and free from imposition, undue advantage, actual or constructive fraud." *Mountain Top Youth Camp v. Lyon*, 20 N.C. App. 694, 697, 202 S.E.2d 498, 500 (1974) (quoting *Green River Mfg. Co. v. Bell*, 193 N.C. 367, 371, 137 S.E. 132, 134 (1927)).

While the plaintiffs bore the burden of offering evidence showing invalidity of the 16 June 1962 deed to the corporation, the defendants had the burden of rebutting the presumption of invalidity of the 25 March 1969 deed from the corporation to Mary H. Van Dorp. Consequently, the plaintiffs' failure to offer any evidence as to the invalidity of the 16 June 1962 deed requires the reversal

of the trial court's refusal to grant the defendants' motion for directed verdict. The trial court did not, however, err in denying defendants' motion for directed verdict as to the deed from the corporation. As to that 25 March 1969 deed, the plaintiffs were entitled to rely on the presumption of invalidity of the corporate deed, and the defendants' failure to offer any evidence to rebut the presumption mandates voiding the 25 March 1969 deed. "If the party against whom a presumption operates fails to meet the burden of producing evidence, the presumed facts shall be deemed proved." N.C.G.S. Sec. 8C-1, Rule 301 (1988).

Accordingly, we affirm our prior decision except as herein modified.

Modified and affirmed.

Judges EAGLES and COZORT concur.