MARIE C. POORE and FRED HUNTER POORE, JR., CO-ADMINISTRATORS OF THE ESTATE OF FRED POORE, and MARIE C. POORE, INDIVIDUALLY, Plaintiffs v. SWAN QUARTER FARMS, INC., SETH EDWARDS, ADMINISTRATOR OF THE ESTATE OF A. H. VAN DORP, and MARY H. VAN DORP, Defendants

No. COA94-970

(Filed 18 July 1995)

**1. Clerks of Court § 14 (NCI4th) Judgments § 467 (NCI4th)— disbursement of farm rental income—check to plaintiffs and attorney—attorney not accountable for funds received by plaintiffs**

In an action to quiet title in which the trial court ordered the clerk to distribute to plaintiffs farm rental proceeds that had been deposited with the clerk, there was nothing improper in the clerk's disbursement of these funds to plaintiffs with their attorney also named as a payee on the check where the check was

POORE v. SWAN QUARTER FARMS, INC.

[119 N.C. App. 546 (1995)]

endorsed by plaintiffs and deposited in the attorney's trust account, and when it was thereafter determined on appeal that these proceeds belonged to the corporate defendant, the trial court had no authority to require the attorney to account for the funds plaintiffs received since he is not a party to this action.

**Am Jur 2d, Clerks of Court § 26.**

**2. Corporations § 143 (NCI4th)— rental of corporate property—no individual claims by shareholders**

Plaintiff shareholders had no independent claims to the proceeds from the rental of a farm owned by the corporation but could claim only through the corporation as shareholders.

**Am Jur 2d, Corporations §§ 2243 et seq.**

**3. Corporations § 213 (NCI4th)— judicial dissolution—hearing ordered**

In the interest of judicial economy, the case is remanded for a hearing on the necessity of judicial dissolution of defendant corporation based on plaintiffs' allegations that the corporation has no assets or business purpose, and that all of the original shareholders are deceased.

**Am Jur 2d, Corporations §§ 2758 et seq.**

Appeal by plaintiffs from orders entered 4 May 1994 by Judge James E. Ragan, III in Hyde County Superior Court. Heard in the Court of Appeals 12 May 1995.

*Wayland J. Sermons, Jr., P.A., by Wayland J. Sermons, Jr., for plaintiffs-appellants.*

*Lee E. Knott, Jr. for defendant-appellee Swan Quarter Farms, Inc.*

*David C. Francisco for defendant-appellee Seth Edwards, Administrator of the Estate of A. H. Van Dorp.*

WALKER, Judge.

Plaintiffs originally instituted this action on 30 March 1983, seeking to quiet title to certain real property located in Hyde County, North Carolina, to which they claimed a one-half undivided interest in fee simple. After summary judgment in favor of defendants was reversed by this Court, a jury trial was held in May 1988, and judg-

ment was entered in accordance with the verdict stating that plaintiffs were the owners of a one-half undivided interest in fee simple in the real property.

While defendants' appeal was pending, the trial court, upon plaintiffs' motion, entered an order enjoining defendants from disposing of the one-half interest in the property at issue and further ordering defendants to pay to the Office of the Clerk of Superior Court one-half of all the farm rental proceeds received from the property from the date of the judgment. Pursuant to this order defendants paid the sum of $14,004.46 to the Clerk.

Subsequently, this Court vacated the verdict in favor of plaintiffs and remanded the case for entry of judgment that defendant Swan Quarter Farms, Inc. was the owner of the property in dispute. *Poore v. Swan Quarter Farms, Inc.*, 94 N.C. App. 530, 380 S.E.2d 577, *modified*, 95 N.C. App. 449, 382 S.E.2d 835 (1989), *disc. rev. denied*, 326 N.C. 50, 389 S.E.2d 93 (1990). Thereafter plaintiffs moved for summary judgment for the judicial dissolution of defendant Swan Quarter Farms, Inc., which motion was denied.

On 28 April 1992, plaintiffs filed a Motion in the Cause asking the trial court to order the Clerk to release to them the farm rental proceeds being held pending appeal. Following a hearing, the trial court granted the motion and ordered the Clerk to disburse the funds to plaintiffs and their attorney.

Defendant Swan Quarter Farms, Inc. appealed from the trial court's order releasing the funds to plaintiffs and their attorney. In an unpublished opinion, this Court vacated the trial court's order as contrary to the prior mandates and remanded the case to the trial court for entry of "such orders as may be appropriate and necessary to recover the funds released to plaintiffs and to direct their disbursement to defendant Swan Quarter Farms, Inc." *Poore v. Swan Quarter Farms, Inc.*, 111 N.C. App. 456, 434 S.E.2d 251 (1993) (unpublished).

On 1 September 1993, defendant Swan Quarter Farms, Inc. requested the trial judge to enter an order to recover the funds from plaintiffs and their attorney and to direct their disbursement to Swan Quarter Farms, Inc. as ordered by this Court. In response, plaintiffs filed a motion for the judicial dissolution of Swan Quarter Farms, Inc. and the distribution of its assets to the shareholders, and further moved for judgment against the estate of A. H. Van Dorp for the other one-half of the farm rental proceeds.

POORE v. SWAN QUARTER FARMS, INC.

[119 N.C. App. 546 (1995)]

On 4 May 1994, the trial court entered judgment against plaintiffs for $16,174.11 and ordered plaintiffs (but not their attorney) to pay that sum to the Clerk of Superior Court or to Swan Quarter Farms, Inc. within thirty days. Plaintiffs appeal from this judgment and from orders denying both of plaintiffs' previous motions.

Plaintiffs first argue that the trial court erred in entering judgment on behalf of Swan Quarter Farms, Inc. because the corporation "is a sham, does not exist and is incapable of receiving any assets, or conducting any business." This argument was rejected in the prior appeal of this case, when this Court held that plaintiffs failed to offer any evidence that Swan Quarter Farms, Inc. had not complied with the procedures required by statute for operating a corporation. *Poore*, 94 N.C. App. at 535, 380 S.E.2d at 579. We find no basis for concluding that the trial court erred in entering judgment against plaintiffs and requiring them to return the funds released to them.

[1] Defendants assert that "the order of Judge Ragan to the plaintiffs to repay the funds to the Clerk or to pay the funds to Swan Quarter Farms, Inc. is not appropriate because it is insufficient to recover the funds which were in fact released to the plaintiffs' attorney. . . ." However, plaintiffs' attorney is not a party to this action, and the trial court therefore had no authority to require him to account for the funds plaintiffs received. *See Altman v. Sanders*, 267 N.C. 158, 164, 148 S.E.2d 21, 25-26 (1966) (ordinarily, judgment binds only parties and those in privity with them). Nevertheless, defendants urge us to use our "inherent power to discipline, disbar, and regulate attorneys before it" to require plaintiffs' attorney to account for the funds and to return them. *See Gardner v. N.C. State Bar*, 316 N.C. 285, 287, 341 S.E.2d 517, 519 (1986) (in proper cases, court has inherent power to deal with its attorneys).

The record shows that the Clerk paid the sum of $16,174.11 to plaintiffs and their attorney by check dated 29 May 1992. We find nothing improper in the Clerk's disbursement of these funds to plaintiffs with their attorney also named as payee on the check. In this situation, the North Carolina Rules of Professional Conduct require an attorney to place the check in his or her trust account, to be maintained separate and apart from any of his or her own funds. Rules of Professional Conduct of the N.C. State Bar, Rules 10.1, 10.2 (1994). This procedure facilitates payment of litigation costs, costs to third parties, and attorneys' fees. The record here reflects that the check from the Clerk of Superior Court was endorsed by plaintiffs and

deposited in the trust account of plaintiffs' attorney. Thus, all proper procedures were followed.

[2] Plaintiffs next argue that the trial court erred in failing to enter judgment against the estate of A. H. Van Dorp for the other one-half of the farm rental proceeds. Plaintiffs claim that the Van Dorps kept $14,004.46 of the farm rents and that "[i]f the money released to the Plaintiffs belonged to the Corporation, then so did the money retained by the individual Defendants Van Dorp. . . ." We are unable to conclude from the record that the estate of A. H. Van Dorp or defendant Mary H. Van Dorp received any part of the farm rents. Moreover, plaintiffs would have no claim to the proceeds independently, but only through the corporation as shareholders. In the prior appeal of this case, this Court stated:

> This Court's previous opinions clearly establish that defendant Swan Quarter Farms, Inc., is the owner in fee simple of the property in dispute and that plaintiffs have no claim of ownership to that property. Accordingly, they have no claim to its rents and profits.

*Poore v. Swan Quarter Farms, Inc.*, 111 N.C. App. 456, 434 S.E.2d 251 (1993) (unpublished). Therefore, the trial court did not err in denying plaintiffs' motion for entry of judgment against the estate of A. H. Van Dorp.

[3] Finally, plaintiffs argue that the trial court erred in failing to conduct an evidentiary hearing regarding the necessity of dissolving Swan Quarter Farms, Inc. Plaintiffs first sought judicial dissolution of Swan Quarter Farms, Inc. in their initial complaint in this action, filed on 30 March 1983. However, this issue was not addressed by the court at the subsequent trial. On 2 March 1990, plaintiffs moved for summary judgment on the issue of the dissolution of the corporation. In support of their motion plaintiffs submitted the affidavit of Fred H. Poore which stated that the corporation had failed in numerous ways to comply with the statutory requirements for conducting corporate affairs and that dissolution of the corporation was the only way to fully protect his rights as a shareholder. The trial court denied plaintiffs' motion. On 2 September 1993, plaintiffs filed a Motion in the Cause requesting the trial court to dissolve Swan Quarter Farms, Inc. and to conduct a hearing to determine the proper assets of the corporation and the proper method of distributing those assets. Plaintiffs also contend that the corporation has no assets and no business purpose and that all of the original shareholders are deceased. The trial

**POORE v. SWAN QUARTER FARMS, INC.**

[119 N.C. App. 546 (1995)]

court denied "plaintiffs' motion to conduct a hearing to determine the necessity of dissolution of . . . Swan Quarter Farms, Inc. . . ."

Thus, plaintiffs throughout the course of this litigation have sought the dissolution of Swan Quarter Farms, Inc. Nonetheless, defendants claim that "if the plaintiffs in good faith believe that there are grounds for judicial dissolution of Swan Quarter Farms, Inc. which have arisen since the trial of this action they should file a new action setting forth the new grounds and their substantial reasonable expectations, known or assumed by the other participants, which have been frustrated without the fault of the plaintiffs, so that the Court can determine whether or not it is 'reasonably necessary' to dissolve the corporation for the protection of the rights or interest of the complaining shareholders. *Meiselman v. Meiselman,* 309 N.C. 279, 307 S.E.2d 551 (1983)." We disagree. We believe that requiring plaintiffs to file a new action for judicial dissolution would not promote the interest of judicial economy. In every case, there comes a time when litigation must end. Both the trial court and this Court have already spent a considerable amount of time and resources dealing with the issues in this case. We find that this case may be resolved most expeditiously by reversing the trial court's denial of plaintiffs' motion and remanding the case for a hearing on the necessity of judicial dissolution. At this hearing, plaintiffs should be allowed to bring forward, if they can, evidence in support of the grounds for judicial dissolution set forth in their motion of 2 September 1993. The trial court should also receive evidence on the issues of whether the estate of A. H. Van Dorp and/or Mary H. Van Dorp received any farm proceeds from the property belonging to the corporation and, if so, whether these proceeds are an asset of the corporation to be distributed to shareholders.

Affirmed in part, reversed in part, and remanded.

Judges COZORT and JOHN concur.