SWAN QUARTER FARMS, INC., PLAINTIFF v. ROGER A. SPENCER AND WIFE, DOROTHY C. SPENCER; BENJAMIN CAHOON AND WIFE, MELANIE S. CAHOON; AND JEFFREY D. GIBBS AND WIFE, JENNIFER S. GIBBS

No. COA98-740

(Filed 4 May 1999)

### 1. Estoppel— piercing corporate veil—clean hands

The trial court did not err by refusing to pierce the corporate veil in an action to determine possession of a tract of land where defendant contended that the trial court should have disregarded plaintiff's corporate form to determine the true nature of the parties and their interests and should not have granted summary judgment for plaintiff. Defendants were aware of the defects in the title when they purchased the property, used the defects in the title as leverage in negotiations, and may not resort to equitable principles. Equity is for the protection of innocent persons and is a tool used by the court to intervene where injustice would otherwise result.

### 2. Deeds— real property—bona fide purchaser for value

The trial court did not err in an action concerning possession of land by determining that one of defendants' predecessors in title was not a bona fide purchaser for value without notice of any defects in the chain of title where a 1969 deed was presumptively invalid on its face and an inquiry by the purchaser would have disclosed that the conveyance was not open and above board.

### 3. Adverse Possession— ejectment claim—determined in prior action

An ejectment action was not barred by an adverse possession claim where the issue of adverse possession had been raised, argued, and determined by the Court of Appeals in a prior action.

SWAN QUARTER FARMS, INC. v. SPENCER

[133 N.C. App. 106 (1999)]

**4. Appeal and Error— preservation of issues—cross-assignment of error**

A cross-assignment of error concerning an N.C.G.S. § 1-111 bond was proper where defendants argued that the trial court's order did not deprive plaintiff of an alternative ground for summary judgment, but the decision may have deprived plaintiff of an alternative basis in law for supporting the judgment.

**5. Ejectment— defense bond—not a condition precedent to filing an answer**

The trial court did not err in an ejectment action by granting defendants' motion for leave to file a defense bond. The trial court has discretion to extend the time for filing an N.C.G.S. § 1-111 bond and to allow filing of the bond after the answer has been filed. Posting a defense bond is not a condition precedent to filing an answer; the requirement of a defense bond was never intended to be used to require forfeiture on technical grounds by a party having merit to its argument.

Appeal by defendants from order entered 18 February 1998 by Judge Howard E. Manning, Jr. in Hyde County Superior Court. Heard in the Court of Appeals 29 March 1999.

This action concerns the possession of a tract of land in Hyde County, North Carolina. In March 1969, the plaintiff, Swan Quarter Farms, Inc. ("SQF") was the owner of the property. At that time, SQF was owned in equal ⅓ shares by shareholders A.H. Van Dorp, Mary Van Dorp and Fred Poore. On 31 March 1969 SQF, by and through its President, Mr. Van Dorp, and its Secretary, Mrs. Van Dorp, executed a deed dated 25 March 1969 purporting to convey the property to Mrs. Van Dorp individually.

On 18 October 1972, the Van Dorps signed a note and deed of trust to Federal Land Bank ("Federal") to secure a $100,000 loan to the Van Dorps. On 5 September 1975 the Van Dorps signed another note and deed of trust to Federal, this time to secure a $208,000 loan. On 18 January 1983 Federal made an advancement on the 1975 deed of trust in the amount of $247,000. On 25 July 1988, Federal began foreclosure proceedings on the 1975 deed of trust. The foreclosure sale was held on 2 December 1988 and Federal bid the sum of $470,000. No upset bids were filed and a deed was executed to Federal for the property on 14 December 1988.

Meanwhile, in 1983, Mr. Poore had filed suit against SQF and the Van Dorps seeking to invalidate the 1969 transfer from SQF to the Van Dorps. In 1989, this Court determined that the 1969 transfer of the deed from SQF to the Van Dorps was presumptively invalid. *Poore v. Swan Quarter Farms, Inc.*, 95 N.C. App. 449, 450, 382 S.E.2d 835, 836 (1989), *disc. review denied,* 326 N.C. 50, 389 S.E.2d 93 (1990). This Court also determined that "the plaintiffs were entitled to rely on the presumption of invalidity of the corporate deed, and the defendants' failure to offer any evidence to rebut the presumption mandates *voiding* of the 25 March 1969 deed." *Id.* at 451, 382 S.E.2d at 836 (emphasis added).

At the time of this Court's 1989 decision, Poore still owned a ⅓ share in SQF, and the remaining ⅔ shares were owned by the Van Dorps. Mrs. Van Dorp passed away on 28 September 1991. In consideration of legal services, Mr. Van Dorp, acting as executor of Mrs. Van Dorp's estate and individually, transferred to Lee E. Knott the Van Dorps' shares in SQF in April of 1992.

On 7 May 1992, defendants Roger A. Spencer and family purchased both Poore's share in SQF as well as Poore's interest in the land by way of quitclaim deed. The Spencers also purchased Federal's interest in the land by special warranty deed in which Federal warranted that it had done nothing to impair title in the property since it received it. Lawyers' Title Insurance Corporation provided an owner's title insurance policy to the Spencers for the $460,000 purchase price without exceptions to the claims of SQF, the Van Dorps or the Poores.

On 27 October 1995 SQF instituted this action to eject the Spencers from the property. On 22 December 1995 the Spencers answered denying SQF's right to possession. SQF then filed a Motion to Strike the Answer for failure of defendants to post the bond required by G.S. 1-111. Pursuant to a consent order entered without prejudice to SQF's Motion to Strike the [Spencer's] Answer, the Spencers filed an amended answer on 12 July 1996. On 2 December 1996 the Spencers moved for summary judgment. On 15 April 1997 the Spencers filed a motion for leave to file defense bond or alternatively for relief from failure to file the G.S. 1-111 defense bond. On 15 May 1997 SQF moved for summary judgment.

On 18 February 1998, the trial court denied defendants' motion for summary judgment and granted summary judgment to SQF, determining that SQF was "the owner in fee simple of the property which

is the subject of this action and entitled to immediate possession of the property." The trial court also granted defendants' motion to file a defense bond. Upon posting the defense bond required by G.S. 1-111, defendants appealed. In addition, SQF cross-assigned as error the trial court's determination allowing defendants to file the defense bond.

*Hornthal, Riley, Ellis and Maland, by L. P. Hornthal, Jr. and M. H. Hood Ellis, for plaintiff-appellee.*

*Moore & Van Allen, PLLC, by David E. Fox and Christopher J. Blake, for defendant-appellants.*

EAGLES, Chief Judge.

**[1]** We first consider whether the trial court erred in granting plaintiff's motion for summary judgment because the trial court should have disregarded the plaintiff's corporate form to determine the true nature of the real parties and their interests. Defendants contend that if the trial court had examined the plaintiff rather than relying on plaintiff's corporate identity, "the trial court would have found Mr. Knott seeking to reap an economic windfall as a result of the Van Dorps' prior self-dealing and breaches of fiduciary duty." Accordingly, defendants argue that "Mr. Knott should be estopped from suing in SQF's name and using the Van Dorp's self-dealing and the accompanying statutory presumption to defeat the Spencers' claims to possession of the Property." Defendants argue that the Van Dorps would have been estopped from relying on their own improper conduct to maintain this action. Defendants argue that it follows that Mr. Knott, as the Van Dorps' successor, should not possess any greater right to sue in SQF's name. Defendants rely on *Bangor Punta Operations v. Bangor & A. R. Co.*, 417 U.S. 703, 41 L.Ed.2d 418 (1974) and *Park Terrace, Inc. v. Burge*, 249 N.C. 308, 106 S.E.2d 478 (1959) in seeking that the corporate form be disregarded based on equitable principles.

Plaintiff argues that the Spencers cannot claim the benefit of equitable defenses because of their "unclean hands." Plaintiff asserts that the Spencers bought the property with their "eyes wide open" and used the "legal problems" related to the property's title to obtain concessions on purchase price and title insurance. Plaintiff argues that estoppel is for the benefit of innocent persons and that defendants could not create an estoppel by their own actions. Plaintiff also distinguishes the cases relied upon by defendants, arguing that the equitable rules proclaimed in those cases have no application where

the corporation is proceeding at law to recover title to its property wrongfully acquired through fraud and overreaching by an officer and shareholder. Plaintiff argues that "[a]ny other rule would countenance the fraudulent acquisition of corporate property." Plaintiff finally argues that the Spencers' pleadings procedurally bar the Spencers' attempts to disregard the corporate entity because the Spencers did not specifically plead an estoppel or alter ego defense in their Answer.

We hold that defendants cannot claim the benefit of equitable defenses. " 'The corporate veil may be pierced to prevent fraud or to achieve equity.' " *Harrelson v. Soles*, 94 N.C. App. 557, 561, 380 S.E.2d 528, 531 (1989) (quoting *Glenn v. Wagner*, 313 N.C. 450, 454, 329 S.E.2d 326, 330 (1985)). Equity is for the protection of innocent persons and is a tool used by the court to intervene where injustice would otherwise result. See *Cunningham v. Brigman*, 263 N.C. 208, 211, 139 S.E.2d 353, 355 (1964) (only innocent persons may claim the benefit of equitable estoppel). Here, defendants were aware of the defects in the title when they purchased the property. In fact, the defendants used the defects in the title as leverage in negotiations with Federal to obtain concessions on price and title insurance. The defendants protected themselves in the transaction and they may not resort to equitable principles to protect themselves from any fraud. Accordingly, we hold that the trial court did not err by refusing to pierce the corporate veil. The assignment of error is overruled.

[2] We next consider whether defendants' predecessors in title were bona fide purchasers for value without notice of any defects in the chain of title. Defendants argue that the trial court erred when it determined that Federal was not a bona fide purchaser without notice of the invalidity of Mrs. Van Dorp's title to the property. Defendants contend that the trial court incorrectly held that the 1969 deed conveying the property to Mrs. Van Dorp charged Federal with actual and constructive notice of a fatal defect in its chain of title. In doing so, defendants argue that the trial court failed to make a critical distinction between a deed that is void on its face and one that is voidable. Defendants contend that a voidable deed is sufficient to pass title to a bona fide purchaser for value, but a void deed is not. *Beam v. Almond*, 271 N.C. 509, 520, 157 S.E.2d 215, 224 (1967). Defendants assert that Federal had no actual or constructive notice of any imposition, undue advantage or actual or constructive fraud in connection with the 1969 deed. Defendants contend that although this Court correctly held that conveyances of corporate property to corporate offi-

cers are subject to a judicial presumption of invalidity, the trial court erred when it determined that the presumption rendered the 1969 deed void rather than merely voidable. Defendants argue that "unless or until an action was commenced challenging the 1969 deed, it was merely voidable, not void, and the judicial presumption against validity had no meaning or application." Defendants note that no action to void the 1969 deed was taken until 1983, while Federal loaned substantial sums to the Van Dorps in 1972 and 1975. Defendants additionally argue that had Federal conducted a reasonable inquiry, it would not have disclosed any fatal defect in the 1969 deed because "the corporate records revealed complete shareholder and director approval." Accordingly, defendants assert that Federal was a bona fide purchaser for value with no notice of any defect in the chain of title, and defendants are entitled to be protected as a grantee to Federal's innocent purchaser status.

Plaintiff first argues that as a matter of law, the 1969 deed by which defendants claim title is invalid as a matter of law because "the undisputed facts and evidence completely and conclusively establish the very basis for the presumptive invalidity of the 1969 deed and the fact that the presumption could not be rebutted under the circumstances surrounding the deed." Plaintiff asserts that the trial court properly determined that based on the undisputed facts of record, the 1969 deed was invalid as a matter of law and was null and void. Accordingly, plaintiff asserts that defendants have no title to the property unless defendants or their predecessors in interest acquired the property as an innocent or bona fide purchaser for value without notice of the infirmity. Plaintiff next argues that both the Spencers and their predecessor in interest, Federal, had actual and constructive notice of the defect in the deed and neither qualify for protection as bona fide purchasers for value without notice. Plaintiff argues that the "vitiating or corrupting fact appears on the face of the record and the 1969 deed which Mrs. Van Dorp signed to herself as an officer of SQF." Plaintiff argues that the 1969 deed was presumptively invalid and defendants were charged with notice of the defect appearing on the face of the deed. At the very least, plaintiff argues that the "vitiating fact" appearing on the face of the deed was sufficient to put Federal "on notice of all matters which a reasonable inquiry would have disclosed." Plaintiff asserts that Federal did not undertake a reasonable inquiry. Accordingly, plaintiff argues that the trial court correctly held that Federal was not a bona fide purchaser for value without actual or constructive notice of the defect, and Spencer did not take title free of the defect.

After careful consideration of the record, briefs and contentions of both parties, we affirm. Where "an innocent purchaser conveys to one who has notice, the latter is protected by the former's want of notice and takes free of the equities." *Morehead v. Harris*, 262 N.C. 330, 342, 137 S.E.2d 174, 185 (1964) (citing *Arrington v. Arrington*, 114 N.C. 151, 19 S.E. 351 (1894)). Here, it is not disputed that defendants had notice of the defects in title when it purchased the subject property. The issue is whether their predecessor in title, Federal, was a bona fide purchaser for value without notice of the defect in the title. We find that defendants are not entitled to protection as a bona fide purchaser for value without notice because Federal cannot claim protection as a bona fide purchaser for value without notice.

Defendants are correct in their contention that the 1969 deed was merely voidable and not void on its face. "The purchase or lease of the property of a corporation by an officer or director of a corporation renders the transaction voidable, not void, and such transaction will be upheld only when open, fair, and for sufficient consideration." *Youth Camp v. Lyon*, 20 N.C. App. 694, 697, 202 S.E.2d 498, 500 (1974) (citing 19 C.J.S. Corporations § 775, p. 137). This Court has already recognized the "presumption of invalidity of the deed" in this case. *Swan Quarter Farms*, 95 N.C. App. at 450, 382 S.E.2d at 836. This Court also determined that "the plaintiffs were entitled to rely on the presumption of invalidity of the corporate deed, and the defendants' failure to offer any evidence to rebut the presumption mandates voiding of the 25 March 1969 deed." *Id.* at 451, 382 S.E.2d at 836. However, this Court did not void the deed until 1989, and when the deed was conveyed to Federal in 1972, it was still merely voidable. The issue then becomes whether Federal was a bona fide purchaser for value without notice when it acquired the voidable deed in 1972. The key to determining this issue is Federal's notice. The 1969 deed was presumptively invalid on its face. By law, Federal was charged with "notice of every fact affecting [its] title which an accurate examination of the title would disclose." *Waters v. Phosphate Corp.*, 310 N.C. 438, 442, 312 S.E.2d 428, 432 (1984) (citing *Hensley v. Ramsey*, 283 N.C. 714, 199 S.E.2d 1 (1973)). Here, an inquiry by Federal would have disclosed that the 1969 conveyance was not "open and above board." First, based on undisputed facts in the record, the conveyance of the 1969 deed was for far less than adequate consideration. The recorded deed showed that "[t]he sum of $5.00 in excise tax or stamps was affixed to the deed as recorded. In 1969, this represented consideration of between $4,500 and $5,000 ($0.50 per $500)." However, a bal-

ance sheet dated in 1967 in Federal's loan file for SQF showed the property was worth at least $135,000, and evidence indicates the property may have been worth as much as $282,750 in 1969. Additionally, there was evidence in the record that Mr. Poore was not aware of the 1969 transfer and did not consent to it. The trial court found that the transaction "was not fairly and openly authorized, was not free from oppression, and lacked full disclosure and fair dealing because of the Van Dorps' fiduciary relationship as officers of SQF." Accordingly, we hold that Federal could not claim status as a bona fide purchaser for value without notice and defendants are not protected by any bona fide purchaser without notice status. The assignment of error is overruled.

[3] We next consider whether plaintiff's ejectment claim is barred because the Van Dorps acquired title to the disputed property by adverse possession pursuant to G.S. 1-38. Defendants contend that Mrs. Van Dorp satisfied all the requirements for adverse possession. First, defendants argue that Mrs. Van Dorp entered the property under color of title because she took possession of the property in the good faith belief that she held good title to the property. Defendants assert that Mrs. Van Dorp did not have a fraudulent intent at the time she executed the 1969 deed. Second, defendants contend that Mrs. Van Dorp satisfied all of the other requirements for adverse possession. She took possession on 1 April 1969, and her possession was continuous, adverse, hostile and exclusive. Defendants note that the Van Dorps exclusively determined who would farm the property and collected the rents and profits. Defendants additionally note that Mrs. Van Dorp's adverse possession was never tolled since no action was filed or pending prior to 31 March 1976. Defendants argue that defendants' claim of adverse possession was erroneously precluded by the trial court because the issue of adverse possession was never raised in any prior litigation. Additionally, defendants contend that Mrs. Van Dorp's fiduciary relationship with SQF does not preclude title by adverse possession. Defendants argue that "even if some quasi-trust relationship existed, it was repudiated by clear and unequivocal acts" by Mrs. Van Dorp, and all shareholders of SQF had actual notice of the adverse claim no later than 1 August 1973.

Plaintiff argues that the issue of Mrs. Van Dorp's adverse possession was adjudicated adversely to Mrs. Van Dorp in *Poore v. Swan Quarter Farms, Inc.*, 79 N.C. App. 286, 291, 338 S.E.2d 817, 820 (1986), *disc. review denied*, 326 N.C. 50, 389 S.E.2d 94 (1990)). In that case, plaintiff contends that Mrs. Van Dorp asserted a claim of supe-

rior title to the property by adverse possession. In reversing an order for summary judgment and remanding the case for trial, this Court noted that "the pleadings also fail to disclose sufficient facts and circumstances to permit judgment on the pleadings based on either estoppel or adverse possession." *Id.* Upon remand and after trial on the merits, plaintiff asserts that this Court found that title to the property remained in SQF. The Court stated that its "previous opinions clearly establish that defendant Swan Quarter Farms, Inc. is the owner in fee simple of the property in dispute. . . ." *Poore v. Swan Quarter Farms, Inc.*, 119 N.C. App. 546, 550, 459 S.E.2d 52, 54 (1995) (citing *Poore v. Swan Quarter Farms, Inc.*, 111 N.C. App. 546, 434 S.E.2d 251 (1993) (unpublished)). Plaintiff argues that pursuant to the opinions of this Court, final judgment was entered therein adjudicating SQF as the sole owner in fee simple. Plaintiff argues that even if this were not so, defendants' claim would still fail as a matter of law. Plaintiff contends that the Van Dorps could not claim color of title because Mrs. Van Dorp could not enter into possession of the land in good faith. Plaintiff cites the presumption of fraud arising from the relationship of Mrs. Van Dorp and SQF, and asserts that good faith demands undivided loyalty to the corporation and prohibits self-dealing to the detriment of the corporation and its shareholders. Plaintiff argues that given the relationship, any possession by Mrs. Van Dorp is deemed the possession by SQF in the absence of an unqualified and unequivocal disavowal. Plaintiff asserts that recording of the 1969 deed is not sufficient to constitute disavowal. Additionally, plaintiff argues that the knowledge of Mrs. Van Dorp, as an officer of SQF, is not imputed to SQF where she was acting for herself and adversely to the interests of SQF. Accordingly, plaintiff argues that the claim of adverse possession fails as a matter of law. We find plaintiff's arguments persuasive.

The issue of adverse possession was raised as an affirmative defense by SQF in its answer to Mr. Poore's complaint in *Swan Quarter Farms*, 79 N.C. App. at 287, 338 S.E.2d at 818. A final judgment in that action was rendered in *Poore v. Swan Quarter Farms, Inc.*, 94 N.C. App. 530, 380 S.E.2d 577 (1989) in which SQF prevailed. This Court reiterated its determination that SQF held title to the property in fee simple in *Swan Quarter Farms*, 119 N.C. App. at 550, 459 S.E.2d at 54 (citing *Swan Quarter Farms*, 111 N.C. App. at 546, 434 S.E.2d at 251 (unpublished)). Accordingly, the trial court did not err in determining that the issue of adverse possession had been "raised and argued" and had been determined by this Court. The assignment of error is overruled.

**[4]** We last consider whether the trial court's order settling the record on appeal incorrectly allowed plaintiff to include cross-assignments of error. Defendants argue that plaintiff's purported cross-assignments of error did not properly preserve for appeal the question of whether the trial court erred in denying plaintiff's Motion to Strike and granting defendants' Motion for Leave to File Defense Bond. Defendants argue that at most "the trial court's rulings . . . deprived SQF of a basis for obtaining a default judgment against Appellants, not an alternative basis for supporting summary judgment." Defendants assert that the proper procedure would have been for plaintiff to file a cross-appeal, not cross-assignments of error.

On the merits of plaintiff's cross-assignment of error, defendants argue that the trial court properly exercised its discretion in allowing defendants to file a G.S. 1-111 defense bond. Defendants contend that North Carolina courts have held that the bond requirement may be waived, and that the statute requiring it has been treated with considerable leniency. Defendants additionally argue that in cases where an answer has been filed without bond and has remained on file without objection, it would be improper for the trial judge to strike the answer and render judgment for the plaintiff without notice or without giving defendant the opportunity to file a defense bond. Defendants assert that the trial court's decision here "avoided exactly the type of forfeiture on technical grounds which the North Carolina Supreme Court" has criticized.

Plaintiff contends that the cross-assignment of error was proper pursuant to Rule 10(d) of the North Carolina Rules of Appellate Procedure. Plaintiff cites *Barbour v. Little*, 37 N.C. App. 686, 247 S.E.2d 252, *disc. review denied*, 295 N.C. 733, 248 S.E.2d 862 (1978). In *Barbour*, on an appeal from a grant of summary judgment in favor of defendants, this Court held that the trial court's denial of defendants' motion to dismiss pursuant to Rule 12(b)(6) was properly preserved for appeal by defendants' cross-assignment of error. Plaintiff argues that *Barbour* is indistinguishable from the case here. On the merits, plaintiff argues that "no basis for exercise of the Court's discretion has been shown" and that defendants' answer should have been stricken and judgment entered for plaintiff. Plaintiff asserts that posting a G.S. 1-111 defense bond is required as a condition precedent to filing answer and defending the action.

We affirm. Plaintiff's argument that it has properly preserved this issue for appeal by cross-assignment of error is persuasive. Defend-

ants argue that the trial court's order did not deprive plaintiff of an alternative ground for summary judgment. However, the trial court's decision may have deprived plaintiff of an alternative basis in law for supporting the judgment. Accordingly, pursuant to *Barbour*, cross-assignment of error pursuant to Rule 10(c) was sufficient to properly preserve this question for appellate review.

[5] On its merits, however, the assignment of error is overruled. A number of cases indicate that the trial court has discretion to extend the time for filing a G.S. 1-111 defense bond and to allow filing of the bond after the answer has been filed. *Dunn v. Marks*, 141 N.C. 232, 53 S.E.2d 845 (1906). Additionally, "our Supreme Court has held that the requirement [of posting bond] may be waived and has treated the statute with considerable leniency." *Gates v. McDonald*, 1 N.C. App. 587, 588, 162 S.E.2d 143, 144 (1968). Accordingly, posting a defense bond is not a condition precedent to filing an answer. Additionally, our research indicates that the requirement of a defense bond was never intended to be used to require forfeiture on technical grounds by a party having merit to its argument. Accordingly, the cross-assignment of error is overruled.

Affirmed.

Judges JOHN and EDMUNDS concur.