DONALD HARRELSON, EMPLOYEE, PLAINTIFF v. TATE SOLES D/B/A TATE'S AUTO SALES, EMPLOYER; NON-INSURER, DEFENDANT

No. 8810IC1358

(Filed 5 July 1989)

**Corporations § 1.1; Master and Servant § 93— workers' compensation— individual as alter ego of corporation— remand for findings**

A workers' compensation proceeding against Tate Soles d/b/a Tate's Auto Sales is remanded for findings as to whether Tate Soles is in fact the alter ego of the corporate employer, Tate's Auto Sales, Inc., so that he could properly be named as the liable employer.

APPEAL by defendant from the North Carolina Industrial Commission. Opinion and Award filed 18 July 1988. Heard in the Court of Appeals 17 May 1989.

Plaintiff sustained injuries in a truck accident on 16 September 1985. To protect his interests plaintiff filed two actions, a civil

action on 7 November 1985 in Columbus County captioned Harrelson v. Tate's Auto Sales, Inc., and a Workers' Compensation claim which is the subject of this appeal, Harrelson v. Tate Soles d/b/a Tate's Auto Sales. In the civil action, it is alleged that the employer is the corporation Tate's Auto Sales, Inc.; in this action the individual, Tate Soles, is named as defendant.

On 14 December 1987, Deputy Commissioner Lawrence B. Shuping, Jr. filed an opinion and award in favor of plaintiff. Findings of fact and conclusions of law made by the Deputy Commissioner which are pertinent to this appeal include:

FINDINGS OF FACT

1. Plaintiff is a 41-year old married male who did not have an antecedent history of any type of visual or other occular [sic] difficulties prior to the injury by accident giving rise hereto and has nonetheless since been able to return to work driving a truck where he presently earns $400.00 per week.

2. At the time in question defendant-Tate Soles d/b/a Tate's Auto Sales was in the business of hauling cars to and from various locations along the eastern seaboard and was subject to and bound by the provisions of the North Carolina Workers' Compensation Act because he regularly employed four or more persons, including drivers for each of his seven car carriers as well as someone in both his shop and office.

3. In April of 1985 plaintiff was hired as a full-time driver by defendant-Tate Soles who not only provided and maintained the vehicle that plaintiff subsequently drove, but paid for the necessary fuel and overnight expenses. In addition to driving the car carrier furnished by Mr. Soles, plaintiff was responsible for loading and unloading the same, which he was trained to do after being hired. As a driver plaintiff earned an average of $450.00 weekly based on the number of loads hauled and a percentage of the hauling price established between Mr. Soles and the particular customer whose load he was hauling at the time; however, there were no deductions taken from plaintiff's earnings for either Social Security or Federal or State income taxes; but rather, he remained responsible therefor. Although plaintiff was free to select his own route; defendant-Tate Soles not only told him when and where to pick up and deliver each load of cars; but made all the necessary ar-

rangements therefor with the customers involved such that Mr. Soles retained actual control with respect to the manner and method that plaintiff drove his assigned car carrier; thus he was an employee of defendant-Tate Soles and not an independent contractor when injured.

4. At approximately 12:00 midnight on the September 16, 1985 date in question plaintiff and two other of defendant-employer's drivers were on Interstate Highway 95 North in South Carolina returning in their separate trucks with loads of cars picked up in Orlando, Florida when plaintiff lost control of his vehicle striking one of the adjacent concrete pillars supporting a highway overpass thereby resulting in the otherwise compensable injury by accident . . . .

5. As a result of the injury by accident giving rise hereto plaintiff was totally incapacitated from work for a period of eight months following the same injury.

\* \* \* \*

9. Plaintiff's involved injuries were not the proximate result of his being under the influence of any controlled substance listed in the N.C. Controlled Substances Act G.S. 90-86, et seq, or his own willful intent to injure himself or another.

CONCLUSIONS OF LAW

1. At the time in question defendant-employer Tate Soles d/b/a Tate's Auto Sales regularly employed four or more persons, the plaintiff among them, and was thus subject to and bound by the provisions of the North Carolina Workers' Compensation Act. (G.S. 97-2(1)(2)(3), *Hayes v. Board of Trustees* 224 N.C. 11, 29 S.E. 2d 137 (1944), *Alford v. Victory Cab Company* 30 N.C. App. 657, 228 S.E. 2d 43 (1976))

2. On September 16, 1985 plaintiff sustained an injury by accident which arose out of and in the course of his employment by defendant-Tate Soles d/b/a Tate's Auto Sales and (which injury) was not the proximate result of his being under the influence of any controlled substance listed in the N.C. Controlled Substance Act, G.S. 90-86, et seq, or his own willful intent to injure himself or another. (G.S. 97-2(6), G.S. 97-12)

3. As a result of the injury by accident giving rise hereto plaintiff was temporarily totally disabled from work for a period

of eight months following the date of his injury thereby entitling him to compensation at a rate of $280.00 per week during the same period because he earned a sufficient average weekly wage so as to entitle him to the maximum weekly compensation benefits then statutorily applicable. (G.S. 97-29)

The opinion and award of the Deputy Commissioner was appealed to the Full Commission. In its opinion and award filed 18 July 1988 the Full Commission affirmed the opinion of the Deputy Commissioner, Ernest C. Pearson, Chairman, dissenting. From the opinion and award of the Commission, defendant appeals.

*Giacomo Ghisalberti for plaintiff appellee.*

*Ralph G. Jorgensen for defendant appellant.*

ARNOLD, Judge.

In his first assignment of error defendant contends that the Deputy Commissioner erred in determining as a fact and concluding as a matter of law that the plaintiff was employed by defendant Tate Soles d/b/a Tate's Auto Sales, a sole proprietorship, and not by Tate's Auto Sales, Inc., a North Carolina corporation.

Chairman Pearson frames the issue in his dissent. Summarizing, Chairman Pearson objects to the identification of the defendant as "Tate Soles d.b.a. Tate's Auto Sales, a sole proprietorship" with the necessary result that the judgment is against Tate Soles, an individual. Chairman Pearson concludes:

> I find that plaintiff-appellee has failed to name his true employer as defendant, and as such, this Commission is without jurisdiction in the matter. The exercise of jurisdiction in this case results in a *de facto* piercing of the corporate veil of Tate Auto Sales, Inc. without proper pleadings and facts, and with total disregard for the importance of the corporate form.

"[T]o maintain a proceeding under the Workmen's Compensation Act the claimant must have been an employee of the alleged employer at the time of his injury. . . ." *Lucas v. Stores*, 289 N.C. 212, 218, 221 S.E. 2d 257, 261 (1976). The question of whether an employee-employer relationship exists between the named parties is jurisdictional, therefore it is reviewable on appeal. *Hicks v. Guilford County*, 267 N.C. 364, 365, 148 S.E. 2d 240, 241 (1966). A corporation is a type of employer under the terms of N.C.G.S. § 97-2(3), and a corporation is a legal entity "distinct from its in-

dividual members or stockholders." 9 Am. Jur. Proof of Facts 57 *Alter Ego of Corporation* § 1. Before the enactment of N.C.G.S. § 55-3.1, at least three stockholders were required to form a corporation. 3 N.C. Index 3d, Corporations § 1.1. By the enactment of N.C.G.S. § 55-3.1 "acquisition of the entire capital stock of a corporation by one person does not affect the corporate entity. . . ." *Id.* However, when

> the corporation is so operated that it is a mere instrumentality or *alter ego* of the sole or dominant shareholder and a shield for his activities in violation of the declared public policy or statute of the State, the corporate entity will be disregarded and the corporation and shareholder treated as one and the same person, it being immaterial whether the sole or dominant shareholder is an individual or another corporation.

*Henderson v. Security Mortgage and Finance Co.*, 273 N.C. 253, 260, 160 S.E. 2d 39, 44 (1968). The corporate veil may be pierced "to prevent fraud or to achieve equity." *Glenn v. Wagner*, 313 N.C. 450, 454, 329 S.E. 2d 326, 330 (1985). *See* 9 Am. Jur. Proof of Facts 57 *Alter Ego of Corporation* § 4.

In his opinion and award, the Deputy Commissioner concludes, without any findings, that Tate Soles d/b/a Tate's Auto Sales was Harrelson's employer and not Tate's Auto Sales, Inc. We remand for findings on the question whether Tate Soles is in fact the alter ego of Tate's Auto Sales, Inc., and thus is properly named as the liable employer in this action.

Three elements support an attack on separate corporate identity under the instrumentality rule:

> (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and

> (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and

> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Glenn* at 455, 329 S.E. 2d at 330 (citation omitted). In his civil complaint defendant alleges that Tate's Auto Sales Inc. was subject to the Workers' Compensation Act, "but it did not keep in effect a policy of insurance against compensation liability" as required by N.C.G.S. § 97-93. If proved, the fact that Tate's Auto Sales Inc. violated its statutory duty to maintain Workers' Compensation Insurance for its employees would go to the second of the three elements to be proved to support an attack on the separate corporate entity.

Factors dispositive as to whether a court should pierce the corporate veil include: inadequate capitalization; noncompliance with corporate formalities; complete domination and control of the corporation so that it has no independent identity, "non-payment of dividends, insolvency of the debtor corporation, siphoning of funds by the dominant shareholder, non-functioning of other officers and directors, absence of corporate records." *Id.* at 455, 458, 329 S.E. 2d 330-31, 332. Each case is "treated as *sui generis* with the burden on the plaintiff to establish the existence of factors that would justify disregarding the corporate entity." *Id.* at 459, 329 S.E. 2d at 333.

We have reviewed defendant's two remaining assignments of error and find that they are without merit.

The opinion and award of the Industrial Commission is remanded for further findings as required by this opinion.

Remanded.

Chief Judge HEDRICK and Judge WELLS concur.