In the prior Full Commission Opinion and Award, the names of defendants were switched such that Steve Anderson was misidentified as the father and Sam Anderson was misidentified as the son. This clerical error has now been corrected throughout the Opinion and Award, which otherwise remains unchanged.
 ***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Kim L. Cramer and the briefs on appeal. Both parties waived oral argument before the Full Commission. The Appealing party has not shown good ground to receive further evidence, rehear the parties or their representatives or to amend the prior Opinion and Award. However, pursuant to its authority under G.S. § 97-85, the Full Commission has modified the prior Opinion and Award regarding defendants' actions and to award additional attorney's fees.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing on 19 October 1995 and in a Pre-Trial Agreement dated 29 September 1995 as:
 STIPULATIONS
1. The alleged date of injury is 24 March 1991.
2. Defendant is non-insured.
3. The parties submitted plaintiff's medical records via stipulation.
4. Based upon the foregoing stipulations of the parties, plaintiff and defendant agree that the issues are as follows:
 a) Was Thomas Fields an employee of Steve Anderson and/or Muffler King and/or International Muffler King, Inc., on 24 March 1991.
 b) Was Steve Anderson and/or Muffler King and/or International Muffler King, Inc., subject to the North Carolina Workers' Compensation Act on 24 March 1991.
 c) To what, if any, temporary total disability and permanent partial disability benefits is the plaintiff entitled. (During the hearing, plaintiff advised he is not seeking temporary total disability benefits, but only permanent partial disability and payment of his medical bills.)
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff is a male who was 42 years of age on the date of the hearing. He completed the 12th grade.
2. At the time of plaintiff's injury in March 1991, defendant Steve Anderson owned and operated three business enterprises in the Lumberton area. These businesses all concerned sales or servicing of motor vehicles. Steve Anderson himself was the owner and operator of a muffler shop known as Muffler King. Steve Anderson and his father Sam Anderson were partners in a used car dealership known as Steve and Sam Anderson Sales and Service. They were also partners in another entity known as Installation Group, whose only purpose was to provide employees to Muffler King.
3. All three of these business entities operated by Steve Anderson and/or Sam Anderson were operated for the same general business purpose: the sales and servicing of motor vehicles. The car lot and muffler shop were on the same grounds, adjacent to each other. The three businesses were all run out of the same building on those grounds.
4. The Installation Group was set up by Steve Anderson and Sam Anderson to provide labor for their other businesses in an apparent attempt to avoid having the requisite number of employees as to impose responsibility for workers' compensation coverage. Employees of the Installation Group were de facto employees of Muffler King.
5. As of 24 March 1991, Steve Anderson d/b/a Muffler King had the following employees who were provided through Installation Group: plaintiff Thomas Fields, David or "Roy" Willis, Jim Pate, and Willie Ivey. As a business entity employing four or more employees, Steve Anderson's business Muffler King was subject to the North Carolina Workers' Compensation Act.
6. Plaintiff was an employee of Steve Anderson's business Muffler King. Plaintiff performed whatever tasks he was asked to do, whether hauling cars, welding, pulling out motors, or some mechanical work. Plaintiff worked 5 days per week, generally 8 am to about 6 pm, and half a day on Saturday. Plaintiff was provided a uniform with his name on one pocket and "Muffler King" on the other. On Tuesdays, plaintiff turned in his uniform for cleaning which was paid for by Muffler King. Other employees also wore these Muffler King uniforms. Plaintiff was paid in cash with no taxes with-held.
7. Plaintiff was an employee of defendant Steve Anderson d/b/a Muffler King. Plaintiff was not an independent contractor as defendant alleges. Plaintiff testified that he did not sign the statement introduced as Defendant's Exhibit 2. Plaintiff's testimony in this regard is found to be truthful and is accepted as credible. Defendant's evidence to the contrary is not found to be credible or persuasive.
8. On 24 March 1991, while working for defendant Steve Anderson d/b/a Muffler King, plaintiff, along with Willie Ivey, was delivering a car lift. As they were unloading the lift from the delivery vehicle, the lift slipped off of the jack and fell, crushing plaintiff's left hand. This incident was an injury by accident arising out of and in the course of plaintiff's employment with Steve Anderson d/b/a Muffler King.
9. As a result of the accident of 24 March 1991, plaintiff sustained traumatic partial amputations of the index, middle and ring fingers of his left hand. The index finger was amputated through the distal phalanx, the middle finger through the middle phalanx, and the ring finger below the distal joint. As a result, plaintiff has a fifty percent loss of his index finger, and a total loss of the middle finger and a total loss of the ring finger of the left hand pursuant to N.C.G.S. § 97-31 and Rule 405 of the Workers' Compensation Rules of the Industrial Commission.
10. This appeal was brought by defendant Steve Anderson d/b/a Muffler King and is resulting in the award of medical and indemnity benefits to plaintiff.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 24 March 1991, defendant Steve Anderson d/b/a Muffler King was a private employer with at least four employees, such that defendant business was subject to and bound by the provisions of the North Carolina Workers' Compensation Act. As such an employer, defendant was obligated to provide workers' compensation insurance coverage for defendant's employees, and failed to fulfill this statutory obligation. G.S. § 97-2; G.S. § 97-3; G.S. § 97-9; Harrelson v. Soles, 94 N.C. App. 557 (1989).
2. On 24 March 1991, plaintiff was an employee of Steve Anderson d/b/a Muffler King, and was, as such, entitled to coverage as provided by the North Carolina Workers' Compensation Act. G.S. § 97-2; G.S. § 97-9.
3. Plaintiff's average weekly wage on 23 March 1991 was $250.00, yielding a compensation rate of $166.68. G.S. § 97-2(5).
4. On 24 March 1991, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant Steve Anderson d/b/a Muffler King. G.S. § 97-2(6).
5. As a result of the accident of 24 March 1991, plaintiff has sustained serious permanent injury to his left hand, for which he is entitled to compensation at the rate of $166.68 per week as follows. He has a fifty percent loss of his 1st or index finger for which he is entitled to 22.5 weeks compensation; a total loss of the middle finger for which he is entitled to 40 weeks of compensation; and a total loss of the third or ring finger for which he is entitled to 25 weeks of compensation. G.S. § 97-31. Rule 405, Workers' Compensation Rules of the Industrial Commission.
6. Defendant Steve Anderson d/b/a Muffler King is responsible for payment of Plaintiff's medical expenses incurred as a result of his injury by accident of 24 March 1991.
G.S. § 97-2(19), G.S. § 97-25.
7. Defendant Steve Anderson d/b/a Muffler King is responsible for payment to plaintiff for compensation for the permanent injury to plaintiff's left hand as set forth above.
8. This appeal was brought by defendant Steve Anderson d/b/a Muffler King and is resulting in the award of medical and indemnity benefits to plaintiff, thereby entitling plaintiff and counsel for plaintiff to an award of attorney's fees in the amount $1,500.00 to be paid as part of the bill of costs. G.S. § 97-88. This attorney's fee is in addition to the fee awarded as a percentage of the compensation awarded to plaintiff herein.
9. Plaintiff is entitled to have defendant Steve Anderson d/b/a Muffler King pay interest pursuant to the terms of G.S. § 97-86.2 on the unpaid portion of the benefits to which he is entitled as calculated from 19 October 1995, the date of the initial hearing in this matter. This interest shall not become part of any attorney's fee awarded herein.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission modifies and affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant Steve Anderson d/b/a Muffler King shall pay all medical expenses incurred by plaintiff as a result of the injury by accident of 24 March 1991.
2. Defendant Steve Anderson d/b/a Muffler King shall pay to plaintiff permanent partial disability compensation at the rate of $166.68 per week for a total of 87.5 weeks for the permanent impairment to his fingers of the left hand. Subject to the attorney's fee approved herein, this compensation has accrued and shall be paid to plaintiff in a lump sum.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation due plaintiff under this Opinion and Award is approved for counsel for plaintiff. This fee shall be deducted from the amount due plaintiff and paid directly counsel for plaintiff.
4. In addition to the attorney's fee approved above, defendant Steve Anderson d/b/a Muffler King shall pay an additional attorney's fee in the amount of $1,500.00 to counsel for plaintiff as part of the bill of costs.
5. Defendant Steve Anderson d/b/a Muffler King shall pay to plaintiff interest pursuant to the terms of G.S. § 97-86.2 on the benefits to which plaintiff is entitled as calculated from 19 October 1995, the date of the initial hearing in this matter. This payment of interest is not subject to the attorney's fees awarded herein.
6. Defendant Steve Anderson d/b/a Muffler King shall pay the costs.
 *********** ORDER
It is hereby ORDERED that this matter is referred to the Fraud Section of the Industrial Commission which shall conduct a detailed and thorough investigation of defendants regarding their compliance, and prior non-compliance with the Act.
Additionally, defendants are hereby ORDERED to comply with the provisions of this Opinion and Award forthwith. Should defendants so comply, the possibility of contempt proceedings would then not arise.
 S/ _______________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _____________________ BERNADINE S. BALANCE COMMISSIONER