***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon review of the evidence affirms with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. Plaintiff was employed by K. W. Arthur in Salisbury, North Carolina from approximately October 1947 through September 1948.
 ***********
Based on the foregoing stipulations and the evidence presented, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff was born on May 13, 1932. In 1947, when he was fifteen years old, he began working for K. W. Arthur, an individual who owned and operated a roofing business from a shop in the back of his residence. Plaintiff worked for K.W. Arthur Roofing Contractor for a year or less. Due to the age of the employment, no business records existed when this claim was filed that would reveal plaintiff's earnings or the name of K.W. Arthur Roofing Contractor's workers' compensation insurance company, if any.
2. After leaving the employment of K.W. Arthur Roofing Contractor, plaintiff worked for a number of other companies including Wagoner Construction Company, Cooperative Fertilizer and FCX, which were his primary places of employment. He never returned to work for K.W. Arthur.
3. Plaintiff filed this claim alleging that he contracted asbestosis as a result of his employment with Defender Services, Parkdale Mills, Southern States Cooperative (the successor to FCX), Wagoner Construction Company and K. W. Arthur and Son, Inc. Prior to the date of hearing, compromise settlement agreements were approved for the claims against every employer except K. W. Arthur Son, Inc. K.W. Arthur Son, Inc. has denied the claim on the bases that: (a) plaintiff was never employed by the corporation; and (b) plaintiff's alleged asbestosis did not develop as a result of his brief employment with K. W. Arthur Roofing Contractor.
4. K. W. Arthur, who died in the late 1970's, joined with his son, Harry W. Arthur, in 1955 to form a corporation that became Arthur Son, Inc., the named employer in this claim. Harry Arthur was a stockholder in the corporation. Mr. Arthur's wife also owned some stock, but the evidence did not reveal the specifics of the corporation's funding and operation. Arthur 
Son, Inc. performed roofing work and was therefore in the same business, at least to some extent, as K.W. Arthur Roofing Contractor had been previously. However, plaintiff never worked for the corporate entity; Arthur Son, Inc. did not exist in 1947 and 1948.
5. There was no evidence to show that Arthur Son, Inc. assumed any liabilities from Mr. Arthur's previous business, K.W. Arthur Roofing Contractor.
6. There is insufficient evidence to determine whether K.W. Arthur Roofing Contractor had five or more employees and was therefore subject to and bound by the North Carolina Workers' Compensation Act during the period of plaintiff's employment. K.W. Arthur Roofing Contractor as a sole proprietor is not a named party and would therefore not be bound by Stipulation # 1 herein.
7. Industrial Commission coverage records have not been kept dating back to the relevant time at issue herein. Even if K. W. Arthur Roofing Contractor had insurance coverage during the time of plaintiff's employment, Mr. Arthur's business records are no longer available after over fifty years. Consequently, any insurance company on the risk could not be identified and made a party to this claim.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. A corporation is a separate legal entity which is distinct from its
individual shareholders. Harrelson v. Soles, 94 N.C. App. 557,380 S.E.2d 528 (1989).
2. In 1947 and 1948, an employee-employer relationship existed between plaintiff and K. W. Arthur Roofing Contractor, a sole proprietor. Defendant Arthur Son, Inc. did not exist at that time and therefore could not have been plaintiff's employer because there cannot be an issue of piercing the corporate veil without the contemporaneous existence of both a corporation and a controlling shareholder. Id.; N.C. Gen. Stat. § 97-2.
3. The theory of successor liability does not apply to this case because the creation of defendant-corporation was not a mere continuation of K.W. Arthur Roofing Contractor, a sole proprietor. When defendant Arthur Son, Inc. was created in 1955, a new legal entity was established with different ownership and operating guidelines. G. P. Publications, Inc. v. QuebecorPrinting St. Paul, Inc., 125 N.C. App. 424, 481 S.E.2d 674, cert.denied, 346 N.C. 546, 488 S.E.2d 800 (1997).
4. Because an employee-employer relationship did not exist between plaintiff and defendant Arthur Son, Inc. and defendant did not assume any liabilities of K. W. Arthur Roofing Contractor, a sole proprietor, plaintiff could not receive workers' compensation benefits from defendant Arthur Son, Inc. Consequently, the claim against Arthur Son, Inc. should be dismissed. N.C. Gen. Stat. § 97-2; Harrelson v. Soles,94 N.C. App. 557, 380 S.E.2d 528 (1989).
5. Plaintiff has failed to establish that K.W. Arthur Roofing Contractor was subject to and bound by the North Carolina Workers' Compensation Act during the period of plaintiff's employment, from October 1947 to September 1948.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Defendant Arthur Son, Inc. is hereby DISMISSED as a party-defendant to this claim.
2. Each side shall pay its own costs.
This the ___ day of July 2004.
 S/__________________ BERNADINE S. BALANCE COMMISSIONER
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER